WALTER A. WOOD MOWING AND REAPING MACHINE CO.
v. J. F. EDWARDS, GARNISHEE.

No. 630.

**Garnishment—Waiver of Jurisdiction Over Person—Commission to Take Answer.**—Where a garnishee who resides in another county than the one where the garnishment proceeding is pending voluntarily submits to the jurisdiction of the court by filing answer to the writ, it is not necessary, if the answer be adjudged defective and insufficient, to then issue a commission to the county of his residence to take his answer, under article 195 of the Revised Statutes, before rendering judgment against him.

APPEAL from the County Court of Johnson.  Tried below before Hon. B. McDANIEL.

*J. E. Lancaster,* for appellant.—1. When a defendant files answer in a suit pending against him in any court of Texas, he thereby sub-

mits himself to the jurisdiction of said court. Campbell v. Wilson, 6 Texas, 391; Liles v. Wood & Co., 58 Texas, 416; Watson v. Baker, 67 Texas, 50; The State v. Snyder, 66 Texas, 695; Railway v. Graves, 50 Texas, 201.

2. A court having jurisdiction and having acquired jurisdiction of the person of the defendant, he is then charged with knowledge of, and is bound by every order made by the court in the disposition of such case, and must attend court and present his defenses. Ivy v. McConnell, 21 S. W. Rep., 403.

3. If a garnishee resides in a county other than the one in which the proceeding is pending, and files an answer to the writ of garnishment, he thereby submits himself to the jurisdiction of that court, and waives the right provided in the statute to have a commission issued to the county of his residence. Rev. Stats., arts. 195, 196, 199.

*M. B. Templeton,* for appellee.—A writ of garnishment was issued to Johnson County and served on appellee. Now if appellee had filed answer admitting liability, of course judgment would properly have been entered against him. But not willing to admit liability, the statute clearly gives him either of two courses to pursue: First, he could have failed to answer at all, in which event, on motion of the plaintiff, commission would have issued to Johnson County. Rev. Stats., art. 195. Second, if he answered (which he did), and does not admit liability (which he did not), then the plaintiff, if he desires to proceed further, must file a controverting affidavit (which was done in this case), and then file in any court of the county where the garnishee resides, having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of such original judgment and of the proceedings in garnishment, etc., under article 214, Revised Statutes. This appellant did not do, but at once took its judgment in the Justice Court of Ellis County against the garnishee. Where the garnishee fails to make any answer to one or more of the statutory questions, then the court is authorized to proceed "as though no answer had been made;" which was to have issued a commission to Johnson County. We see no escape from this conclusion. Freeman v. Miller, 51 Texas, 448.

RAINEY, ASSOCIATE JUSTICE.—Appellant sued out a writ of garnishment in a Justice Court in Ellis County against J. F. Edwards, who lived in Johnson County. Edwards voluntarily answered. His answer was defective in not stating that he had no effects of the defendant in his hands at the time the writ of garnishment was served on him. Plaintiff filed exceptions to the answer, and also filed a controverting affidavit. The exceptions were sustained, and thereupon judgment was rendered for plaintiff against Edwards, the garnishee. Edwards in a few days thereafter made a motion to set aside the judgment, stating, in effect, that the defect in his answer was an oversight, and

not intentional, and that he was ready to correct it. This motion was overruled, and he appealed to the County Court.

In the County Court Edwards moved to dismiss the case, because he was a resident of Johnson County; that he had filed an answer denying liability, and the justice had no jurisdiction to proceed to judgment against him, "without first issuing a commission to Johnson County, which was not done." The county judge offered the plaintiff the privilege of having a commission issued, but plaintiff refusing so to do, the case was dismissed, and is here on appeal by plaintiff.

Appellee contends, that as the court held the answer of garnishee defective, that he then stood as though no answer had ever been filed by him, and that to give the court jurisdiction, it was necessary to issue a commission to Johnson County to take his answers.

To this we can not agree. The issuance of a commission to take the answers of a garnishee "when he resides in some other county than that in which the proceeding is pending," is only provided for when he fails to make answer to the writ. Rev. Stats., art. 195. If a commission is issued and the party fails or refuses to answer, or to *answer fully,* the court can render judgment against him. Rev. Stats., arts. 203, 204.

When a party voluntarily files a defective answer, it can not be said that he is placed in a better attitude than if a commission had issued, which would be the case if judgment could not be taken against him on a defective answer. It is well settled by a long line of decisions, that when one voluntarily answers in a suit, jurisdiction of the court immediately attaches for all purposes for the adjudication of the matters in controversy. Liles v. Woods & Co., 58 Texas, 416; Watson v. Baker, 67 Texas, 50.

We are unable so see any reason why a party should be exempt from the rule in a garnishment proceeding. We do not understand that the statute regulating garnishment proceedings changes the rule. The statute provides a mode by which a garnishee can answer in the county of his residence, but if he does not avail himself of this privilege and voluntarily submits to the jurisdiction of the court by filing an answer, he subjects himself to the action of the court as though he were a resident of the county where the proceedings are pending.

We are of opinion, that under the circumstances the garnishee should have an opportunity to amend an answer, which was rendered unnecessary by the ruling of the county judge in dismissing plaintiff's cause of action.

For this reason the judgment will be reversed and the cause remanded, instead of being rendered for appellants.

*Reversed and remanded.*

Delivered January 16, 1895.