AMERICAN SURETY COMPANY v. MAX A. BERNSTEIN.

No. 1753. Decided December 11, 1907.

**1.—Garnishment—Non-Resident—Jurisdiction.**

One served as garnishee in proceedings in a county not that of his residence does not, by filing an answer denying liability, submit himself to the jurisdiction of that court nor authorize it to proceed to the trial of issues raised by the filing of an affidavit controverting his answer. The practice in such case (Rev. Stats., art. 248) should be by filing copies of the proceedings in the proper court of the county of garnishee's residence, serving him with notice, and trying the issue there (Rev. Stats., arts. 245–251) and the garnishee was not bound to take notice of or defend the irregular proceedings elsewhere. (Pp. 192, 193.)

**2.—Same—Cases Limited.**

Wood M. & R. Mach. Co. v. Edwards, 29 S. W. Rep., 418; Gray Ranch Co. v. Pemberton, 57 S. W. Rep., 71; Gerhard Hdw. Co. v. Texas Cotton Press Co., 26 S. W. Rep., 168, distinguished, and limited to cases where the garnishee's answer admits liability. (P. 192.)

**3.—Garnishment—Jurisdiction—Judgment—Remedy.**

The non-resident garnishee against whom, on affidavit controverting his answer, judgment has been taken without his knowledge, in the court issuing the process, instead of proceeding in the county of his residence, is not confined to his remedy by appeal or writ of error, which would be inadequate in the absence of exceptions and statement of facts, and especially so where the judgment recited that he had appeared and submitted his case to trial. He could bring action to set the judgment aside. (P. 193.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Kaufman County.

The Surety Company sued to set aside a judgment against it as garnishee obtained by Bernstein. It had judgment from which defendant appealed and the judgment was reversed and rendered in his favor. Appellee, the Surety Company, then obtained writ of error.

*Young & Adams, Geo. E. Shelley,* and *Fiset & McClendon,* for plaintiff in error.—The record presented a cause in which the court was without jurisdiction to render the judgment. It was thereupon the duty of the court to annul it. Heath v. Layne, 62 Texas, 694; Dazey v. Pennington, 31 S. W. Rep., 312; Rev. Stats., arts. 248 [214] to 251 [217].

The Court of Civil Appeals erred in that portion of its opinion in which it held that the surety company, by filing its answer in said garnishment proceeding, submitted to the jurisdiction of said court, and that thereby said court was given jurisdiction over said surety company for all purposes. Rev. Stats., arts. 248-251.

*Huffmaster & Huffmaster* and *John L. Terrell,* for defendant in error.—In order to set aside a judgment or obtain a new trial after the close of the term at which it was rendered, it must be alleged and shown that the judgment was not caused by any negligence of the party seeking to set it aside, but that diligence was used to prevent it, and that such party had a good defence to the action he was prevented from making by fraud, accident, or some act of the opposing party wholly unmixed with any fault or negligence of his own. Woolley v. Sullivan, 92 Texas, 37, and cases there cited; Wilson v. Smith, 43, S. W. Rep., 1086, and cases there cited; Brownson v. Reynolds, 77 Texas, 254; Adams v. First National Bank, 52 S. W. Rep., 642, and cases there cited; Burke v. Hance, 76 Texas, 79; Goss v. McClaren, 17 Texas, 119; Weaver v. Vanderventer, 84 Texas, 691; Nevins v. McKee, 61 Texas, 412; White v. Powell, 12 Texas Ct. Rep. 70, and many cases there cited; Bergstorm v. Kiel, 67 S. W. Rep., 781, and many cases there cited; Johnston v. Sharpe, 34 S. W. Rep., 1006, and cases cited; Missouri Pacific

Railway Company v. Haynes, 82 Texas, 450; Rogers v. East Line Lumb. Co., 33 S. W. Rep., 312; Holland v. Preston, 34 S. W. Rep., 975; Padgett v. Evans, 51 S. W. Rep., 513; Smith v. Miller, 42 S. W. Rep., 182.

When a nonresident garnishee voluntarily answers he submits to the jurisdiction of the court for all purposes. Walter A. Wood Co. v. Edwards, 29 S. W. Rep., 418, and cases there cited; Gray Ranch Co. v. Pemberton, 57 S. W. Rep., 71.

A person, or party litigant, is not entitled to relief in equity where it appears that he has a legal remedy sufficient to accomplish the same purpose, or where said legal remedy has been lost through want of diligence. Bergstrom v. Kiel, 67 S. W. Rep., 781; Brownson v. Reynolds, 77 Texas, 254; Goss v. McClaren, 17 Texas, 119.

Plaintiff in error waived its privilege of having the cause transferred to Travis County since it voluntarily filed its answer to the merits of the cause without waiting for the issuance and service of a commission as provided by statute, or without in any manner expressly reserving its said privilege in its answer. Spicer v. Taylor, 21 S. W. Rep., 314; Fairbanks v. Blum, 21 S. W. Rep., 1009; Campbell v. Wilson, 6 Texas, 379; Burnley v. Cook, 13 Texas, 586; Morris v. Runnells, 12 Texas, 177; State v. Snyder, 66 Texas, 694; De La Vega v. League, 64 Texas, 205; Stark v. Burr, 56 Texas, 130; Bonner v. Hearn, 75 Texas, 247, 254; Watson v. Baker, 67 Texas, 48; First N. Bank v. Encaustic Tile Co., 105 Ind., 227; Wabash, etc., Ry. Co. v. Lash, 103 Ind., 80; Johnston v. Stimmel, 89 N. Y., 117; Atty. Gen. v. Ins. Co., 77 N. Y., 272; Ex parte Schollenberger, 96 U. S., 369, 378; Toland v. Sprague, 12 Peters, 300, 330; Pollard v. Dwight, 4 Cranch, 431; Barry v. Foyles, 1 Peters, 311; Charlotte Natl. Bank v. Morgan, 132 U. S., 141; Fitzgerald & M. Const. Co. v. Fitzgerald, 137 U. S., 98.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This action was begun by the plaintiff in error in the District Court of Kaufman County, April 23, 1906, to set aside a judgment recovered by the defendant in error against it as garnishee. Stated in brief, the petition alleged that plaintiff was a New York corporation, doing business in Texas under a permit, having its principal office and a resident agent in Travis County; that it has not and has never had an agent in Kaufman County; that the defendant recovered a judgment in the District Court of Kaufman County against the American Legion of Honor and, upon it, sued out against the present plaintiff a writ of garnishment, stating in his application therefor that plaintiff had an agent (naming him) in Travis County and not stating that it had any agent in Kaufman County; that this writ was served upon its said agent in Travis County on the 16th day of December, 1905; that in due time it filed its answer, the statements in which fully answered the writ and were sufficient to acquit it of liability to judgment against it as garnishee; that afterwards, during the same term at which the answer was filed, the attorney for the plaintiff in that proceeding, the present defendant, filed an affidavit contesting some of the statements in the

answer and called up the contest in plaintiff's absence and without its knowledge, and procured judgment against it as garnishee; that the judgment recited that the garnishee appeared, announced ready and submitted all questions to the court, which was not true; that plaintiff, after filing its answer to the garnishment, relied on its right, in case the answer should be contested, to have such contest prosecuted and tried in Travis County, and therefore took no steps to be represented by counsel in the court in Kaufman County; that it had no knowledge of such judgment until the 19th day of February, 1906, after the court had adjourned, when it was informed of an execution issued upon it; that it could not obtain relief by an appeal because of the misrecitals in the judgment of its appearance and submission to the jurisdiction of the court. There are some allegations of fraud in the procurement and entry of the judgment, which are not material to the view we take of the case, and which, probably, do not, by themselves, show sufficient ground for relief.

We have given a mere outline of all the allegations, stating some conclusions where the petition states facts in detail. One of these conclusions is that the garnishee's answer was sufficient, if uncontested, to entitle it to a judgment discharging it. This is one of the questions of law about which counsel for the defendant in error make some contention. Neither the District Court nor the Court of Civil Appeals held that the answer was insufficient, nor that it showed any ground for judgment against the garnishee. We have examined it carefully in the light of the argument of counsel and have reached the conclusion stated.

The answer is lengthy and a statement of its contents would unduly encumber this opinion and is unnecessary in the view of the question which must control.

The Court of Civil Appeals based its action reversing the judgment of the District Court, which granted the relief asked by plaintiff in error, upon the proposition that, by filing its answer to the garnishment. the garnishee submitted itself to the jurisdiction of the court for all purposes and thereby waived its right to have the contest heard in Travis County: and that, having done this, the garnishee was negligent in not attending to the further progress of the case for the protection of its own interests and was therefore not entitled to relief. If we could agree with the court in the first proposition, we should have great difficulty in denying the conclusion; but we do not think that it is true that by filing an answer sufficient, if uncontested. to entitle him to a discharge, a garnishee waives his privilege of having the issue tried in the county of his residence when the answer is controverted. The decisions relied on for the proposition did not involve it and therefore cannot be held to have settled it. All of them were made in cases where the answers were adjudged insufficient, and in which judgments were rendered against the garnishees for want of sufficient answers. Wood M. & R. Mach. Co. v. Edwards, 29 S. W. Rep., 418; Gray Ranch Co. v. Pemberton, 57 S. W. Rep., 71; Gerhard Hardware Co. v. Texas Cotton Press Co., 26 S. W. Rep., 168.

The question is different when an issue is raised upon the answer

by a contesting affidavit. It is then only that a case is made to which article 248, Revised Statutes, applies. Article 245 provides that if the garnishing plaintiff is dissatisfied with the answer of *any garnishee* he may controvert the same. Article 247 provides that if the garnishee, whose answer is controverted, is a resident of the county in which the proceeding is pending, an issue shall be formed under the direction of the court and tried as in other cases. In case such garnishee is a resident of some other county, article 248 permits the plaintiff to file in the proper court of such other county copies of this judgment and of the proceedings in garnishment, including the answer of the garnishee and the controverting affidavit. The cause is to be docketed in the court in which these papers are filed and notice is to be issued and served upon the garnishee (arts. 249-250), after which an issue is to be formed under the direction of that court. (Art. 251.) It is thus seen that the only case in which the issue is to be formed and tried in the court out of which the writ issued is where the garnishee resides in that county. This is the only authority given to that court to try an issue raised by controverting the answer. When the garnishee resides in another county, the controversy must be settled in such county. Under other provisions the writ of garnishment is served upon the garnishee whether he resides in, or out of, the county in which it issues. The non-resident garnishee may answer, or not, as he chooses. Should he not answer, a commission is to issue for the purpose of procuring his answer. In whichever of these ways an answer may be obtained, it is no more than an answer to the writ, and has no greater effect as an appearance in one case than in the other. The provisions concerning the controverting of answers apply to all answers, the language of article 245 including "the answer of any garnishee."

We, therefore, hold that the Court of Civil Appeals was in error in holding that plaintiff waived its privilege of having the controversy tried in Travis County. It follows that plaintiff was not required to take notice of the unauthorized proceedings in Kaufman County. Having filed a complete answer which entitled it to a discharge, the statute gave it the right to have any controversy arising upon it tried in Travis County and to notice of any further proceedings; and laches is not imputable to it for its failure to appear and meet the issue in Kaufman County.

To the suggestion that it should have appealed, or have prosecuted a writ of error, the answer is that neither remedy would have adequately protected it in the right given it by the statute. The judgment recited voluntary appearance and trial, facts which would have precluded plaintiff, on appeal, from relying on its statutory privilege. It had reserved no exceptions and prepared no statement of facts. The case was one which called for the exercise of the power of the court to set aside the judgment. In his answer in this cause the defendant averred that plaintiff, in fact, had an agent and did business in Kaufman County. If proof of this fact would have supported the judgment against plaintiff as garnishee

and would have defeated this action, it must be presumed, in support of the judgment appealed from, that no such proof was made, as there is no statement of facts.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*