GULF NAT. BANK v. JOHNSON.
(No. 457.)

(Court of Civil Appeals of Texas. El Paso. May 27, 1915. Rehearing Denied June 24, 1915.)

Garnishment ⬥84—Proceedings—Venue—Waiver.

A bank domiciled in J. county, and garnishee on a petition in a cause originating in H. county, and which under Rev. St. 1911, art. 283, on failure to make answer, was subject to a commission addressed to the county judge or to the clerk of county or district court requiring him to cite the garnishee to answer the writ, by filing its answer in the cause in H. county asking for a dismissal on the ground of privilege to answer in the county of its residence, thereby waived such privilege.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. ⬥84.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Petition in garnishment by Walter F. Johnson against the Gulf National Bank, with exception and answer by the garnishee. Judgment for petitioner, and the garnishee brings error. Affirmed.

J. S. Wheless and Smith, Crawford & Mead, all of Beaumont, Campbell, Sonfield, Sewall & Myer, of Houston, and C. L. Galloway, of El Paso, for plaintiff in error. Hunt, Myer & Teagle, of Houston, for defendant in error.

WALTHALL, J. This cause originated in the Harris county district court by the filing by W. F. Johnson, defendant in error, of a petition in garnishment against Gulf National Bank, plaintiff in error, reciting that theretofore in a certain cause in that court in which he (W. F. Johnson) was plaintiff and A. H. Whited, W. T. McKallip, Marrs McLean, W. D. Gordon, George W. Newman, J. H. Putnam, Jr., and Geo. W. Hooks, were defendants, plaintiff recovered judgment against said defendants for $4,883.94, interest and costs; that nothing had been paid on the judgment, and that it was still in force, and

making other recitations not necessary to recite; that plaintiff has reason to believe and did believe that Gulf National Bank of Beaumont, Jefferson county, Tex., is indebted to the defendants in the original suit, naming them, and that some of the defendants, naming them, were owners of shares of stock in said bank or had interest therein, and prayed for a writ of garnishment against said bank. Thereafter the garnishee bank filed in the district court in which the suit was pending an exception and answer to the writ of garnishment, reciting its domicile to be in Jefferson county, that it was not required to answer the writ of garnishment because of its residence in a county other than the county in which the proceeding was pending, and that no commission had been issued requiring the officer to cite the garnishee to answer, as required by article 283, Revised Statutes, and prayed that the writ of garnishment be dismissed. In the event the writ was not dismissed the garnishee made answer reciting that it had on deposit in its bank at Beaumont to the credit of some of the defendants certain sums of money named, and that one of the defendants was the holder and owner of ten shares of the capital stock in the bank, describing same; that it had been obliged to employ the service of attorneys to prepare and file answer and asked that a fee, naming the same, be allowed.

The record discloses no other proceeding in the trial court than the entry of judgment in favor of appellee against the garnishee for the aggregate amount of money shown to be in the possession of the garnishee bank and owed to each of defendants, directing the seizure and sale as under execution of the ten shares of stock in the bank in satisfaction of the judgment, and allowed the garnishee an attorney's fee and taxing same as costs. The judgment recites that the case came on to be heard in term time, "and also came defendant, Gulf National Bank, garnishee, by its attorneys of record, and announced ready for trial."

Plaintiff in error presents one assignment of error as follows:

"The court erred in not sustaining the exception and plea as set forth in its answer to the writ, and in overruling the same and entering judgment upon the answer made upon the sole and only condition that said exception should be overruled."

The statute provides the form of the writ of garnishment and the manner of its service and return. Article 283, Revised Statutes 1911, provides:

"If the garnishee resides in some other county than that in which the proceeding is pending, and fails to make answer to the writ, the court shall, on motion of plaintiff, issue a commission addressed to the clerk of the district court, the county judge, the clerk of the county court, or any notary public of the county in which the garnishee is alleged to reside, or by requiring him to cite such garnishee to answer the writ of garnishment."

The statute then provides the procedure to be had under the commission, and that, when duly served, the nonresident garnishee shall make his answer before the commissioner appointed. But in this case the garnishee did not await the filing of the motion for the commission and the appointment of the commissioner, but filed a proceeding in the court in which the suit was pending to quash the garnishment writ, and based its proceeding or motion upon the alleged fact that the commission had not been issued, and at the same time filed its answer in the court. The only question presented, it seems to us, is: Did the court have jurisdiction to then render judgment on the answer? We believe that he did. Immunity from the suit in Harris county, away from the garnishee's place of residence in Jefferson county, was a privilege personal to the garnishee which the garnishee could waive. The motion for the commission would lie or be necessary only in the event the garnishee "fails to make answer to the writ," but the garnishee filed a motion to quash the writ, a motion that would not lie, and then answered, and by doing so waived its personal privilege to have the commission issued and make its answer before the commissioner.

It may be that the garnishee could not waive the service of the writ of garnishment, but the writ was served, and that question is not before us. The court acquired jurisdiction over the property in the hands of the garnishee by the service of the writ of garnishment, and the garnishee waived its privilege to answer in the county of its residence before the commissioner by filing an answer to the writ in the court in which the proceeding was pending, in Harris county. Walter A. Wood M. & R. Machine Co. v. Edwards, 9 Tex. Civ. App. 537, 29 S. W. 418; Rood on Garnishment, § 237.

The judgment is affirmed.