## SUBSCRIBERS TO FIDELITY LLOYDS OF AMERICA v. LYDAY et al. (No. 3527.)

Court of Civil Appeals of Texas. Texarkana.
April 5, 1928.

Rehearing Denied April 19, 1928.

**1. Garnishment** &#9758;67—**Illimitable jurisdiction is not given to district courts over garnishment proceedings after plaintiff controverts answer of garnishee who denies liability.**

Illimitable jurisdiction is not given to all district courts over garnishment proceedings, after plaintiff has controverted answer of garnishee, who denied indebtedness or liability to defendant.

**2. Garnishment** &#9758;1—**Garnishment being of statutory authorization, courts may not afford litigants benefits thereof beyond statutory limits.**

Garnishment is purely of statutory authorization, and courts have no power to afford litigants benefits of garnishment or to extend right thereto beyond its statutory limits.

**3. Garnishment** &#9758;80—**Court in which main case was tried held without jurisdiction to try issues arising under affidavit controverting answer of garnishee residing in another county (Rev. St. 1925, arts. 4088, 4096).**

In garnishment proceedings where garnishee resided in county other than that in which main suit was tried, where affidavit controverting answer of garnishee not a foreign corporation was filed, *held*, that court in which main case was tried was without jurisdiction notwithstanding Rev. St. 1925, art. 4088, under article 4096, providing plaintiff may file, in any court in county of residence of garnishee having jurisdiction of amount of judgment in original suit, a duly certified copy of judgment, and court wherein copy is filed shall try issues.

---

**4. Garnishment ⊚═158—Controverting affidavit to garnishee's answer makes garnishment proceedings more than process in aid of execution.**

Affidavit controverting garnishee's answer makes an adversary proceeding having elements of original suit, and at that stage garnishment proceeding ceases to be and it becomes more than purely process in aid of execution of judgment against defendant.

**5. Garnishment ⊚═84—Garnishee residing in another county than that in which main suit was tried did not waive jurisdiction by filing motion to quash garnishment (Rev. St. 1925, art. 4096).**

In garnishment proceedings where garnishee was not resident of county in which main suit was tried, garnishee, appearing and moving to quash garnishment, held not to have waived jurisdiction, since filing of preliminary motion to quash could not of itself confer jurisdiction upon court for subsequent purposes, by virtue of Rev. St. 1925, art. 4096.

**6. Garnishment ⊚═88—Court did not have jurisdiction of garnishment, where attorney in fact for Lloyds plan underwriters was garnishee, merely because plaintiff stated that some of underwriters were residents of county in which main suit was tried.**

In garnishment proceeding brought against attorney in fact for Lloyds plan underwriters, where attorney in fact did not reside in county in which main suit was brought but two underwriters not named as garnishees did, held, that merely stating underwriters were indebted to defendants, without giving their names, was not sufficient by virtue of statute providing that proceeding or action shall be brought against such attorney, or attorney and underwriters, or any one of them, meaning individually against underwriter.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Garnishment proceedings by Loraine Crane Lyday and others against Charles and Thurston Bower, a copartnership under the name of Bower Auto Rent Company, defendants, and Subscribers to Fidelity Lloyds of America, garnishee. From judgment for the plaintiff, the garnishee appeals. Reversed and remanded, with instructions.

The appeal is from a judgment in a garnishment proceeding. Mrs. Lyday, the appellee, sued and obtained a judgment in the district court of Dallas county against Charles and Thurston Bower, who were in copartnership in business under the name of the Bower Auto Rent Company. All the parties resided in Dallas. The suit was for damages for bodily injuries sustained by the plaintiff in the negligent operation of an automobile. The judgment was affirmed on appeal (274 S. W. 295). Execution was timely issued against both the defendants and it was duly returned by the sheriff unsatisfied because the defendants had no property subject to

execution. Shortly after the return of the execution, Charles Bower died. It was affirmatively proven, without contradiction, that his estate "was wholly insolvent." It is admitted that the judgment has not been satisfied in whole or in part.

On March 30, 1921, the "Fidelity Lloyds of America" wrote and issued their certain policy whereby the individuals composing the association, as separate underwriters, and each represented by and acting through W. L. Dennis of Houston, Tex., as attorney in fact, agreed to indemnify to the separate amounts placed after their names, respectively, the Bower Auto Rent Company for the term ending March 30, 1922, namely, "against loss arising from claims made upon the assured for damages on account of bodily injuries, including death at any time resulting therefrom, suffered or alleged to have been suffered by any person or persons as the result of an accident occurring while the policy was in force, and caused by reason of the ownership, maintenance or use of automobile described." The amount of indemnity for bodily injuries was "limited to the sum of $5,000.00." The "Fidelity Lloyds of America," with principal office at Houston, Tex., at the time was, as appears, composed of 75 members associated together for the purpose of underwriting and contracting and issuing policies of insurance against, among other things, loss arising from claims for damage on account of bodily injuries caused by the operation of an automobile, upon what is known as the "Lloyds Plan." They are doing business under the statute of the state of Texas specially authorizing such plan (article 5013, Rev. St. 1925). It was agreed as a fact that: W. L. Dennis is the attorney in fact for the Fidelity Lloyds of America, and that he resides in Houston, Tex.; that at the time of the garnishment the principal and only office of the Fidelity Lloyds was in Houston, Tex., but that in 1921, at the time of the issuance of the policy in suit, the Fidelity Lloyds of America had an agency in Dallas, Tex.; that none of the underwriters who are at the present time underwriters for the Fidelity Lloyds of America reside in Dallas county; that two persons who were underwriters in 1921, when the policy in suit was issued, lived then and live now in Dallas, Tex.

On December 1, 1926, the plaintiff in the judgment mentioned, appellee here, made and filed in the district court of Dallas county an application for writ of garnishment. The application set up the judgment obtained, that it was still in force and entirely unsatisfied, and that the defendants had no property subject to execution sufficient to satisfy such judgment. The application then stated as follows:

"That plaintiff has reason to believe, and does believe, that the subscribers to the Fidelity

Lloyds of America, whose attorney in fact is, or was in February, 1921, W. L. Dennis of Houston, Tex., and upon whom service can be had by serving the insurance commissioner of the state of Texas at Austin, Tex., are indebted to the defendants, or to one of them, or that they have in their hands effects belonging to defendants, or to one of them.

"Plaintiff prays for a writ of garnishment against the said subscribers to the Fidelity Lloyds of America, and against their said attorney in fact W. L. Dennis, and for further proceedings thereon as in like cases are provided by law."

Thereupon, it seems, a writ of garnishment was issued, but it does not appear in the record. On December 30, 1926, there was filed in the name of "the garnishees, W. L. Dennis, attorney in fact, and the subscribers to the Fidelity Lloyds of America," a motion to quash or discharge the garnishment for defect of parties, in that Charles Bowers, a defendant in the judgment, was dead, and no representative of his estate or his heirs was made a party to the proceedings by the plaintiff. The motion recited that it was made "prior to answer herein." Afterwards, by leave of the court and on February 3, 1927, the motion was amended, adding additional grounds to quash the garnishment, namely, that the application made by the plaintiff for writ of garnishment does not name as garnishees the individual underwriters of the policy, or any one of them, or give the residences; that the application of the plaintiff for writ of garnishment indefinitely and insufficiently names as garnishee W. L. Dennis, viz., "is, or was in February, 1921," attorney in fact for the Fidelity Lloyds of America, and upon whom service can be had.

Simultaneously with the filing of the motion on December 30, 1926, an answer was filed in the name of "the Subscribers to the Fidelity Lloyds of America and W. L. Dennis, attorney in fact for said subscribers." The answer expressly recited that it was filed only "in the event their motion to quash the garnishment is overruled." The answer set up the policy and its terms and stipulations as dominating and controlling the rights of the parties, stated the grounds and facts to show that no judgment should be rendered upon the policy, and claimed that thereunder at the time the garnishment was served the garnishees were "not indebted in any amount to said Thurston Bower and Charles Bower, individually or as composing the partnership of Bower Auto Rent Company." On February 2, 1927, the plaintiff filed a controverting affidavit in denial of the answer and in reply thereto, setting up the issuance of the policy and its stipulations and the grounds and facts on which a recovery by the plaintiff on the policy is claimed, and the appearing and conducting of the defense of the original judgment by the garnishees under the policy, and claiming that thereunder the garnishees were indebted to the defendants Bower Auto Rent Company, and in legal consequence to the plaintiff. Thereupon, on February 8, 1927, the garnishees filed a verified motion to have the issues tried in Harris county, setting up that the garnishees, whose answer had been controverted, were nonresidents of Dallas county and residents of Harris county. The plaintiff answered the motion, excepting to the same and averring that the garnishees had waived the venue by moving to quash the writ for lack of parties and for insufficiency of the application for garnishment, and specially alleging that two of the underwriters of the policy in suit were then and are now residents of Dallas county. On February 8, 1927, when the case was regularly reached, the court overruled the several pleas of the garnishees and proceeded to hear the evidence and then to render judgment for the plaintiff for the amount of the policy, with interest. The garnishee duly excepted to the several rulings, and has appealed to revise the same.

Fouts, Amerman, Patterson & Moore and Joe Moore, all of Houston, for appellant.

Winfrey & Lane, of Dallas, for appellees.

LEVY, J. (after stating the facts as above). [1-3] Error is predicated upon the overruling of appellant's plea to have the issues made and arising under the traversed answer tried in the court in the county of the residence of the garnishee, as provided by article 4096, Revised Statutes 1925. The garnishee, whose answer was controverted, resided, as admittedly shown, in Houston, Tex., and not in Dallas, Tex., where the main suit was tried. In such facts it would seem that the Dallas court had no jurisdiction to proceed to try the issues made and arising under the traversed answer. Illimitable jurisdiction is not given to all district courts over proceedings or actions of this class, namely, after the plaintiff had controverted the answer of the garnishee, who has denied indebtedness or liability to the defendant. Garnishment is purely of statutory authorization, and the courts have no power to afford litigants the benefits of garnishment or to extend the right thereto beyond its statutory limits. By article 4088, R. S. 1925, the court in which the main suit was tried, and out of which the writ of garnishment was issued, is given express authority to enter judgment in favor of the plaintiff against the garnishee for the amount admitted by such garnishee to be due to the defendant. Likewise the court in which the main suit was tried is given express authority to try the issues made under the traversed answer of the garnishee in case the garnishee "is a resident of the county in which the proceeding is pending." But article 4096 provides:

"If the garnishee whose answer is controverted, resided in some county other than the

one in which the main case is pending or was tried, and is not a foreign corporation, then upon the filing of a controverting affidavit by any party to the suit, the plaintiff may file in any court in the county of residence of the garnishee having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of the judgment in such original suit and of the proceedings in garnishment, including a certified copy of the plaintiff's application for the writ, the answer of the garnishee, and the affidavit controverting such answer. The court wherein such certified copies are filed shall try the issues made as provided by law."

[4] By the plain terms of the article, the authority to entertain garnishment when it reaches the stage of an adversary proceeding is expressly conferred upon "the court," not where the main case is pending or was tried, but "wherein such certified copies are filed," and which latter "court" is expressly designated as the "court in the county of residence of the garnishee having jurisdiction of the amount of the judgment in the original suit." The language quite strongly evidences the legislative intention and purpose to stop the jurisdiction and bring to an end the authority of the court in which the main case was tried when the garnishment reaches the stage of an adversary proceeding between the plaintiff and the garnishee. The controverting affidavit made to the garnishee's answer makes an adversary proceeding having the elements of an original suit. At that stage the proceeding ceases to be and becomes more than purely a process in aid of an execution of the judgment against the defendant. As often described in judicial decisions, especially when employed to reach choses in action not capable of seizure through execution or attachment, garnishment, when the garnishee's answer is traversed by the plaintiff, becomes in operation and effect a suit by a creditor against the debtor of his debtor. Under this article, as in effect, held, the court in which the main case is pending or was tried is without jurisdiction to try the issues made and arising under the affidavit controverting the answer of a garnishee not a foreign corporation, residing in a county other than the one in which the main case is pending or was tried. General Bonding & Casualty Ins. Co. v. Lawson (Tex. Civ. App.) 196 S. W. 346; Reed v. Bank of Purdon (Tex. Civ. App.) 211 S. W. 333; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S. W. 990. The article seems to be of like special jurisdictional nature as the article involved in Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195.

[5] The appellee urges that the appellant should be held to have waived the right of trial in Harris county by appearing in the Dallas court by motion to quash the garnishment. The contention of waiver of jurisdiction may not be sustained, for simply filing a preliminary motion to quash the garnish-

ment would not of itself confer jurisdiction upon the court for all subsequent purposes in view of the statute. American Surety Co. v. Bernstein, 101 Tex. 189, 105 S. W. 990. The waiver of the place to try the controverted issues may not be predicated upon any of the matters in the record. The point made is not comparable to filing a motion to quash citation in ordinary suits, which is controlled by statute (article 2048), or to filing a motion to give security for costs in ordinary suits, as passed on in St. Louis, S. F. Ry. Co. v. Hale, 109 Tex. 251, 206 S. W. 75.

[6] The appellee further insists that the court in Dallas had jurisdiction because two of the underwriters of the policy lived in Dallas County. But these two underwriters were not named as garnishees. The declaration in the application for garnishment may only reasonably be construed as being in plain intendment and effect against the attorney in fact for the Fidelity Lloyds of America. His residence was stated therein to be in Houston, Tex. He was described, as subject to the process of garnishment, as being the attorney in fact of the "Subscribers of the Fidelity Lloyds of America," who were, as declared, "indebted to the defendants, or one of them." Merely stating that "the subscribers to the Fidelity Lloyds of America" are indebted to defendants, without giving their names, may not be regarded as sufficient. It is like setting out the name of a firm without giving the names of the persons who compose it. Smith v. Wallis (Tex. Civ. App.) 45 S. W. 820; Barker v. State Bank (Tex. Civ. App.) 248 S. W. 478; Luse v. Car Co. (Tex. Civ. App.) 261 S. W. 163. And there is no statutory provision for maintenance of proceeding or action directly against the association under the Lloyds plan by its recognized name. The statute especially provides that a proceeding or action shall be "brought against the attorney, or against the attorney and the underwriters, or any one of them," meaning individually against the underwriters. The application for garnishment, however, being by intendment against the attorney in fact, and being sufficiently stated as to him, he would be the only garnishee in the case, and the place of final trial must be had in the county of his residence.

The proceeding is in real effect in the nature of an action on the policy of insurance. The rights and remedies, therefore, under this contract, must depend upon the terms of the agreement. Whether or not there is a liability we may not either indicate or determine, for that is a matter to be decided in the first instance by the trial court having jurisdiction to do so. We merely say that issues arise on the answer and the reply thereto that require the trial thereof by the court of Harris county.

The judgment is reversed and the cause is

remanded, with instructions either to dismiss the proceedings or to transfer them to the district court of Harris county.