## CITIZENS' NAT. BANK OF LUBBOCK v. FIRST NAT. BANK OF BRONTE.
### (No. 7323.)

Court of Civil Appeals of Texas. Austin.
Jan. 23, 1929.

Rehearing Denied March 13, 1929.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for plaintiff in error.

Hamner & Ponder, of Sweetwater, for defendant in error.

McCLENDON, C. J. Writ of error appeal by the Lubbock bank from a default judgment against it as garnishee in favor of the Bronte bank. The garnishment was ancillary to a suit by the Bronte bank against R. S. and Ellen S. Williams. The writ was served March 23, 1928, and returnable June 4, 1928. April 4, 1928, the garnishee filed an answer, which disclosed an indebtedness to R. S. Williams of $3.26, and answered in the negative all other questions propounded in the writ. The garnishee made no further appearance in the case. June 7, 1928, the Lubbock bank filed a pleading containing exceptions to this answer and a prayer that it be stricken out and judgment rendered against the garnishee for the full amount of the judgment in the principal case. These exceptions urged that the answer did not show whether the garnishee was indebted to or held effects of the defendants in the main suit (1) on the return day of the writ; or (2) between the time the writ was served and the first day of the term of court to which the writ was returnable.

The trial court sustained these exceptions, struck out the garnishee's answer, and rendered judgment against it for the full amount of the judgment in the principal case ($477.-

32). A statement of facts was filed, signed by the judge alone, and reciting that it was presented by the Bronte bank, and that the garnishee presented no statement of facts. From this statement it appears that no evidence was introduced except the judgment in the main case, the record in the garnishment proceeding, and testimony to the effect that the judgment in the main case was unsatisfied.

The Lubbock bank contends that the judgment should be sustained on the following grounds:

■ 1. Because the answer was prematurely filed, in that the writ commanded the garnishee to appear on June 4, 1928, "then and there to answer upon oath," etc., and was therefore defective, in that it did not show the relation of the garnishee to the main defendants with reference to indebtedness or effects on that date. This contention is without merit. R. S. art. 4087, expressly authorizes the garnishee to answer "on or before appearance day of the term of the court to which such writ is returnable."

■ 2. Because all indebtedness and effects of the main defendants were impounded from and after service of the writ, and the answer was defective, in that it did not show the garnishee's relation to the main defendants between the dates when the writ was served and the answer filed. The answer specifically and fully covered each question propounded in the writ, and the writ was in the exact form, as to the questions propounded, provided in R. S. art. 4081. R. S. art. 4085, requires only in this regard that the garnishee "shall make true answers to the several matters inquired of in the writ of garnishment." Where the answer complies with the statute and the commands of the writ, it is manifestly sufficient.

Appellee cites in support of the above contentions Gallagher v. Pugh (Tex. Civ. App.) 66 S. W. 118. In that case it was held that an answer filed before the date the writ was made returnable was premature, and the garnishee could be required to make further answer covering the time between filing the answer and return date. It should be borne in mind, however, that that decision was rendered prior to the 1921 amendment to the garnishment statutes (Acts of 1921, c. 105). That amendment for the first time introduced into the statutes the requirement that the garnishee's answer should be filed on or before appearance day. We are not to be understood as holding that a plaintiff may not, in a proper case and upon a proper proceeding for that purpose, require further disclosure by the garnishee. We do hold, however, that, where the disclosure is in full and literal compliance with the statutes and the writ, the answer is not subject to exceptions and cannot lawfully be stricken out as being either insufficient or evasive.

■ 3. It is contended that, since no exception was taken to the trial court's order sustaining the exceptions, the correctness of that ruling cannot be urged on appeal.

The judgment shows upon its face that it was rendered, not upon trial, but upon an insufficient answer. This judgment is attacked by proper assignments of error. The answer of the garnishee appearing in every way to fully comply with legal requirements, the trial court's error in striking it out and rendering judgment against the garnishee in effect by default was clearly an error of law appearing upon the face of the record.

■ Aside from this, however, we overrule this contention upon the following grounds:

The application for the writ showed that garnishee was "a banking corporation organized under the banking laws of the United States with its domicile and principal place of business at Lubbock, Lubbock County, Texas." Under R. S. art. 4096, where the garnishee other than "a foreign corporation, not incorporated under the laws of this state," is not a resident of the county in which the suit is filed, any contest of the answer must be transferred to and tried in the county of garnishee's residence.

We are clear in the view that a national banking corporation, domiciled in Texas, is not a foreign corporation within the meaning of this article, and that the provisions thereof for transfer to the county of its domicile apply. See Texas & P. R. Co. v. Weatherby, 41 Tex. Civ. App. 409, 92 S. W. 58; 14a C. J. p. 1214, § 3924, and authorities cited under note 19.

While there are expressions in some of the opinions of the Courts of Civil Appeals to the effect that, where a nonresident garnishee files an answer, it enters its appearance for all purposes, this question was set at rest to the contrary by the Supreme Court in the case of American Surety Co. v. Bernstein, 101 Tex. 189, 105 S. W. 990. That case, it is true, arose prior to the above 1921 amendment, but the amendment worked no change in article 4096 with reference to trial of a contest of garnishee's answer, in so far as nonresident garnishees other than foreign corporations were concerned. Under the prior act the nonresident garnishee was not even required to file an answer. Under the 1921 amendment an answer was required of all garnishees. Under the prior act, as well as under the 1921 amendment, the voluntary appearance of the garnishee by answer put the nonresident garnishee in court for the purpose only of testing the legal sufficiency of his answer; but, if the answer was sufficient, he was not required to take further notice of the proceeding.

The trial court's judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

### On Motion for Rehearing.

In view of the rehearing argument of defendant in error, we deem it proper to make a further statement in regard to our holding in this case. It is urgently insisted in the argument that we erred in holding that the 1921 amendment (R. S. art. 4087) worked a change in the garnishment statutes as regards the stipulation therein that the garnishee answer *on or before* appearance day. It is insisted that this holding is in conflict with articles 4079 and 4080; the former requiring that the writ command "the garnishee to appear before the court out of which the same is issued, *on the first day of the ensuing term thereof*, to answer upon oath," etc.; and the latter prescribing the form of the writ which commands the garnishee to appear "at the next term" of the court "*then* and there to answer upon oath," etc.

We see no conflict between our holding and these provisions of articles 4079 and 4080. The latter merely fix the time limit in which the garnishee is given to answer. See in this connection, R. S. art. 2022. As pointed out in our original opinion, there was no other provision in the garnishment statutes prior to 1921 which prescribed the time in which answer might be filed. The cases which support the contention of defendant in error are all based upon the prior statutes. That amendment in requiring the garnishee to answer on or before appearance day is clear and unambiguous, and, unless it be construed as meaningless, it authorizes exactly what it purports to authorize; that is, that the answer may be filed *before* as well as *on* appearance day. We can give it no other construction. We cannot presume that the Legislature inserted it without purpose, which alone, so far as we can see, was to authorize answer before appearance day as a full compliance with the garnishment statutes.

Defendant in error for the first time calls attention to the case of Challenge Co. v. Sartin (Tex. Civ. App.) 260 S. W. 313, by the Dallas court. The facts of this case arose after the 1921 amendment. It is to be noted, however, that the court did not advert to the amendment, and also that a construction of the amendment was in no sense material to a decision. The issue there was whether the status of a fund held by a receiver, as regards its being garnishable, was fixed as of the date of service of the writ. The court

held that it was not. The answer in that case was filed after the order of distribution, and the court pointed out that this status was not changed between the date of the order and appearance day in the garnishment suit. Manifestly, the judgment in that case would have been the same under our construction of the 1921 amendment.

The only other opinion we have been able to find which might in any sense have bearing upon this question is that of the Ft. Worth Court of Civil Appeals in Oklahoma Petroleum Co. v. Nolan, 253 S. W. 650, in which writ of error was refused. Whether the facts in that case arose prior to the 1921 amendment is not disclosed, nor is the amendment referred to. Aside from this, it is to be noted that the answer only covered the time the writ was served and did not deny the existence of indebtedness, etc., at the time the answer was filed. We do not deem the decision in either of these cases in conflict with our holding.

The holding in Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547, and other cases of like tenor, to the effect that the 1921 amendment required all garnishees, whether resident or nonresident, to answer, was followed in our original opinion. We also held that under the 1921 amendment, as under the prior law, a nonresident garnishee, by voluntarily answering, submitted to the court's jurisdiction for the purpose of testing the sufficiency of his answer.

If this latter holding were extended so as to require the nonresident garnishee to take notice of an order striking out an answer that fully met the demands of the statutes, the benefits of the requirement that a contest of the answer be tried in the county of his residence and upon notice would be materially impaired. The manifest purpose of the 1921 amendment was to require disclosure by the nonresident garnishee without the necessity of issuing a commission, but at the same time to preserve to him the benefits of a local trial in case of contest. In making this change in procedure, we can readily see the importance of permitting the answer to be filed before appearance day. It might require a nonresident garnishee to employ local counsel, or subject him to other expense or inconvenience, if he were required to answer only *on* that day.

We adhere to our original holding and overrule the motion.

Overruled.