## F. E. PRINCE CO., Inc., v. HOOD.

### No. 5140.

Court of Civil Appeals of Texas.
Texarkana.

May 20, 1937.

Carney & Carney, of Atlanta, for plaintiff in error.

Bartlett & Bartlett, of Linden, for defendant in error.

WILLIAMS, Justice.

F. E. Prince Company, a corporation, appeals by writ of error from a judgment entered against it as garnishee in favor of J. T. Hood, defendant in error. On November 19, 1934, Hood filed suit upon an open account against one L. D. Duncan, and on the same date sued out a writ of garnishment before judgment against plaintiff in error as garnishee. The suit against Duncan was tried on July 23, 1935, to a jury, and judgment against him in favor of Hood was entered bearing the same date of July 23, 1935. A judgment (for the amount of recovery in the main suit) was entered in favor of Hood against this garnishee, this decree bearing date of July 24, 1935. The judgment debtor Duncan does not appeal. Defendant in error Hood has not filed a brief.

The writ of garnishment served upon garnishee commanded it to appear at the next term of said court to be held on November 27, 1934. The garnishee did not answer in the garnishment proceedings at the November term, nor the next succeeding term, and did not file an answer to the writ of garnishment until July 23, 1935. Bills of exception Nos. 1 and 2 both state that garnishee's answer was filed before the main suit was tried on its merits. The agreed statement of facts recites that "garnishee, F. E. Prince Company, before said cause was submitted to the jury on its merits filed with the clerk its answer stating it was not indebted to the defendant, Duncan, in any amount and did not have any effects belonging to the said Duncan; and that no controverting affidavit was filed to this answer, and no evidence was produced either by the plaintiff or garnishee regarding same." From bill of exception No. 1, we conclude that garnishee had filed a motion to quash the writ of garnishment, and that when this motion was overruled garnishee answered on the merits of the writ of garnishment. The transcript contains this answer on the merits, answering under oath fully the inquiry of the writ of garnishment, all being in the negative.

Yet the judgment in favor of Hood against this garnishee contains this recitation: "That garnishee had not filed an answer in this cause as is by law required." If in fact this answer of the garnishee was called to the attention of the court when this summary judgment against garnishee was rendered, then the only deduction that can be drawn from the recitation above quoted in the judgment is that the garnishee had failed to answer within the time as prescribed by law. If that be the import of such recitation, then article 4087, R.C.S. of 1925, controls in the disposition of this appeal. The concluding sentence of article 4087 reads: "The answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered." This article requires an answer to the writ of garnishment to be filed on or before appearance day of the term to which such writ is returnable, and should the garnishee fail to file such answer as so required, it shall be lawful for the court at any time after judgment shall have been rendered against defendant, "to render judgment by default, as in other civil cases against such garnishee." It is noted here that judgment by default against garnishee can be taken only after judgment is had against the defendant. Plaintiff did not reduce his claim to judgment against defendant until July 23, 1935, and before that time garnishee had filed his answer. This article grants garnishee the right to answer before default judgment.

This garnishee having fully answered under oath as required by article 4087 prior to date of entry of the judgment against it, and no controverting affidavit having been filed, it was entitled to a full discharge from liability. Citizens' Nat. Bank v. First Nat. Bank (Tex.Civ.App.) 14 S.W.(2d) 1043; Consolidated Gasoline Co. v. Jarecki Mfg. Co. (Tex.Civ.App.) 72 S.W.(2d) 351. If garnishee's answer had been defective, still it would preclude the rendition of a judgment by default against it. Jemison v. Scarborough, 56 Tex. 358.

For the reasons stated the judgment of the lower court wherein defendant in error Hood recovers of and from plaintiff in error, F. E. Prince Company, Inc., is reversed, and judgment here rendered that defendant in error Hood take nothing as against F. E. Prince Company, Inc., with its costs.