Zolton GOTTESMAN, Appellant,

v.

Sam TOUBIN, Appellee.

No. 3627.

Court of Civil Appeals of Texas.

Waco.

June 18, 1959.

Rehearing Denied July 23, 1959.

Arthur Mitchell, Edgar A. Lashly, Austin, for appellant.

W. J. Embrey, Richard Spinn, Brenham, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Wharton County sustaining a motion by a garnishee to transfer garnishment proceedings to Washington County, the place of residence of the garnishee.

Prior to this proceeding, Gottesman (appellant herein) recovered a final judgment for $27,500 in Wharton County against A. H. Toubin and another. Thereafter, Gottesman filed his application for a writ of garnishment in the District Court of Wharton County, directed to Sam Toubin individually (appellee herein), a resident of Washington County. Sam Toubin answered to the writ of garnishment that he was not indebted to nor had in his possession any effects belonging to A. H. Toubin. Appellee further answered that a partnership known as Toubin Bros. was formerly in existence, composed of Sam Toubin, Helen Toubin, Milton Toubin and A. H. Toubin, in which A. H. Toubin owned a 12½% in-

terest, under written partnership contract, providing that if the senior members found it necessary, they could purchase the interests of the junior partners, in the event of dissatisfaction; and that such was done with reference to A. H. Toubin; that A. H. Toubin was tendered $14,156, which he refused to accept; and that the new partnership composed of Sam Toubin, Helen Toubin and Milton Toubin had in its possession $14,156 belonging to A. H. Toubin. Appellee prayed that A. H. Toubin be made a party and requested that he be discharged with his attorney's fees and costs.

The garnishor Gottesman then filed what is termed "Answer and Cross-Action", in which he prays that A. H. Toubin be made a party, and controverts the garnishee's answer by alleging that A. H. Toubin is still a member of the partnership, and that his interest is far in excess of $14,156.

Thereafter A. H. Toubin and wife filed what they term "Answer to Cross-Action of Gottesman", in which it is alleged that A. H. Toubin had been wrongfully excluded from the Toubin Bros. partnership; that A. H. Toubin's interest exceeds $100,000 in value; that A. H. Toubin had, prior to the Gottesman judgment and the instant proceedings, assigned his interest in the partnership: 15% to one Schlanger, and 85% to his wife as trustee for his minor children. A. H. Toubin asked that Milton Toubin and Helen Toubin be made parties and that a receiver for Toubin Bros. be appointed; and that A. H. Toubin and wife have judgment for 12½% of the assets of Toubin Bros.

Thereafter Sam Toubin, garnishee (and appellee herein) filed his motion to transfer these proceedings to Washington County, the county of his residence. Such motion to transfer set forth the fact that his answer as garnishee had been controverted; and that as a matter of law he was entitled to have the entire proceeding transferred to Washington County, the county of his residence.

The Trial Court sustained such motion and ordered the entire proceeding transferred to Washington County.

Gottesman, the garnishor, appeals, contending that the Trial Court erred in holding as a matter of law the venue of the proceeding was improperly laid in Wharton County.

The record before us reflects that the application for writ of garnishment, and the writ itself is directed to *Sam Toubin as an individual,* and is not directed to the partnership in any manner. Appellee Sam Toubin, garnishee, filed his answer setting forth that he was not indebted to A. H. Toubin in any manner. He then related his version of the facts relative to Toubin Bros. partnership. Gottesman, the garnishor, then *controverts* every fact (other than the fact of no personal indebtedness) set forth in the garnishee's answer. Likewise A. H. Toubin files an answer in which he controverts practically every statement of the garnishee's answer.

Article 4096, Vernon's Ann.Texas St. provides in substance that if the garnishee's answer is controverted and the garnishee resides in some county other than the one in which the case is pending (and the garnishee is not a foreign corporation), that the *plaintiff* may file in the county of the garnishee's residence certified copies of the original judgment and of the proceedings in garnishment, and that the court wherein such certified copies are filed shall try the issues made. There is contemplated by this statute a trial in the county of the residence of the garnishee, in the event a trial of some issue is necessary or possible under the controverting affidavit of the plaintiff. We think therefore, under the record before us, the court in which the main case is pending is without authority to try the issues arising under an affidavit controverting an answer of a garnishee who resides in a county other than the one in which the main case is pending, and that the Trial Court properly transferred the proceeding to Washington County. 20–B Tex.Jur. Sec.

124, p. 348 et seq.; Reed v. First State Bank, Tex.Civ.App., 211 S.W. 333; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990; Subscribers, etc. v. Lyday, Tex.Civ.App., 5 S.W.2d 553.

Clay Building Material Co. v. First National Bank, Tex.Civ.App., 161 S.W.2d 799, holds that where a garnishee lives in a county other than the county of suit, and his answer is controverted, that the court loses jurisdiction to try the issues raised, and should dismiss the cause, leaving the plaintiff free to pursue the matter further (under Article 4096) in the county of the garnishee's residence, should he elect to do so. In such case the Trial Court as here, transferred the cause to the county of the garnishee's residence, and the garnishor appealed. The Court of Civil Appeals dismissed the appeal, reasoning that the order of transfer was not an appealable order.

Whichever view may be taken, the result reached is the same. It is our view that the appellant's points and contentions hereunder are without merit and the judgment of the Trial Court is accordingly affirmed.