GENERAL BONDING & CASUALTY INS. CO. v. LAWSON. (No. 5786.)

(Court of Civil Appeals of Texas. Austin. June 13, 1917.)

1. GARNISHMENT ☞78—JURISDICTION—STAT-UTE.

Under Rev. St. 1911, arts. 283, 284, 290, 292, 299, 301–305, providing that, where the garnishee is not a resident of the county in which the suit is pending, or the judgment has been rendered wherein he is garnishee, if the answer is contested, all of the papers pertaining to the suit may be sent to the county where the garnishee resides, and filed in the proper court, and the garnishee shall be cited, and the issue tried in such court, where a corporation, a resident of Dallas county, without a residence in Hamilton county, or any agent there, was garnisheed on judgment obtained in Hamilton county, and its answer was controverted by the judgment creditor, the district court of Hamilton county had no jurisdiction to try the garnishment cause.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 25, 144.]

2. PLEADING ☞214(1) — DEMURRER — ADMISSION.

Demurrer admits the truth of the allegations in plaintiff's petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529.]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Suit by the General Bonding & Casualty Insurance Company against C. T. Lawson. To review a judgment for defendant, plaintiff appeals. Reversed and remanded.

See, also, 194 S. W. 1020.

T. L. Camp and C. M. Smithdeal, both of Dallas, for appellant. Chris Emmett, of Jacksonville, and H. E. Chesley and Dewey Langford, both of Hamilton, for appellee.

JENKINS, J. We have concluded that we fell into error in affirming the decision herein, for which reason our former opinion is withdrawn, and this opinion substituted in lieu thereof.

The appellee had obtained a judgment in the district court of Hamilton county against the Hamilton Compress Company for $5,000, and sued out a writ of garnishment against the appellant. The application for writ of garnishment does not appear in the record. The appellant answered said writ, alleging that it was not indebted to the compress company, that it had none of its effects in its possession, and that it did not know of any person who was so indebted, or had such effects in his possession. The answer, if not controverted, required the court to give judgment in favor of the garnishee. The answer was controverted by appellee, in what respect is not shown by the record. Judgment was entered in favor of the appellee against the appellant for $5,000.

Appellant brought this suit in the district court· of Hamilton county at the next term thereof to set aside such judgment, alleging that it did not know that its said answer was controverted, and did not know of the entry of said judgment until after the adjournment of the term of the court at which the same was rendered, for which reason it did not file a motion for new trial in said court, and also alleged that it could not successfully prosecute a writ of error, for the reason that the judgment recited that appellant appeared in open court upon such trial, which statement appellant alleges is not true.

Appellant alleges that it has its residence in Dallas county, Tex., and that it did not have a residence in Hamilton county, or any agent in such county at the time the writ was served upon it, nor at any other time. Appellant alleges that its failure to appear in the district court of Hamilton county upon the trial in which judgment was rendered against it arose from the fact that it was not a resident of that county, but did reside in Dallas county, and it relied upon the fact that, if its answer was contested, the issue thus formed would be tried in Dallas county.

The statute provides that, where the garnishee is not a resident of the county in which the suit is' pending, or judgment has been rendered wherein he is garnisheed, if he does not answer a commission must be sent to the county of his residence, and if he does answer, and the answer is contested, all of the papers pertaining to such suit may be sent to the county where the garnishee resides, and filed in the proper court, and that the garnishee shall be cited and the issue shall be tried in such court. R. S. arts. 2ₒ3, 284, 290–292, 299, 301–305.

[1, 2] Appellant's petition herein to set aside the judgment rendered against it alleges the fact of its answer and its residence as above stated. The appellee filed a general demurrer to this petition. If the facts alleged in the petition are true, the district court of Hamilton county had no jurisdiction to try this cause. The demurrer admits the truth of the allegations in plaintiff's petition. The statute requires that a party suing out a writ of garnishment should state under oath, among other things, the residence of the garnishee. We affirmed this case formerly upon the theory that everything should be presumed in favor of the judgment, in the absence of evidence to the contrary, and we stated that it should be presumed that appellee stated in his application for a garnishment that appellant resided in Hamilton county, and that satisfactory proof of that fact was produced on the trial. However, as appellee by his demurrer admits that appellant did not reside in Hamilton county, and had no agent there, and has never so resided, we do not think that we ought to presume that appellee made a false affidavit, or proved· something that he admitted was not true.

For the reasons stated, the motion for a

rehearing is granted, and the judgment of the trial court is reversed and remanded.

Motion granted. Judgment reversed and remanded.