REED v. FIRST STATE BANK OF PURDON et al. (No. 8098.)

(Court of Civil Appeals of Texas. Dallas. March 29, 1919. Rehearing Denied April 26, 1919.)

1. JUDGMENT ⬤⇒17(3)—PROCESS TO SUSTAIN DEFAULT—PUBLICATION—NONRESIDENT.

A personal default judgment rendered against a nonresident served by publication is void.

2. GARNISHMENT ⬤⇒83 — JURISDICTION — CHANGE OF VENUE—NONRESIDENT.

Where garnishee bank filed its plea to have matter heard in the district court of its domi-

cile, the court had no authority other than to discharge the bank or send the matter for adjudication to some court in the county where the bank was domiciled, and a judgment thereafter rendered was void and subject to collateral attack.

3. JUDGMENT ⬤⇒707—RES ADJUDICATA AS TO ONE NOT A PARTY.

One not a party to proceedings was not bound by judgments therein, and could pursue his remedy against garnishee bank for recovery of his deposit.

4. GARNISHMENT ⬤⇒251—ATTORNEY'S FEES —RECOVERY BY GARNISHEE.

Defendant bank being a stakeholder or garnishee as to plaintiff's deposit, it was entitled to recover an attorney's fee of $100 against garnishor where by reason of his conduct in suing out garnishment bank was caused to expend that amount.

Appeal from Navarro County Court; B. E. Traylor, Judge.

Action by C. E. Elmore against the First State Bank of Purdon and others. Judgment in favor of plaintiff against the Bank and in favor of the Bank against R. L. Reed, and Reed appeals. Affirmed.

Callicutt & Johnson, of Corsicana, for appellant.

Richard Mays and Laurence Treadwell, both of Corsicana, for appellee.

RAINEY, C. J. Appellee, C. E. Elmore, as plaintiff below, filed this suit in the county court of Navarro county, Tex., on August 10, 1916, against the First State Bank of Purdon, R. L. Reed, B. W. Miles, and A. B. Reynolds. He recovered judgment against the first State Bank of Purdon for $310.50, and that R. L. Reed take nothing as to said sum of money. Miles and Reynolds were adjudged to go hence without day. The judgment referred to was rendered on October 31, 1917, and an amendatory judgment was entered on the 22d day of December, 1917.

Plaintiff alleged in substance:

"That he deposited in defendant bank, in the name of his mother, Annie Elmore, $310.50 in money, which belonged to and was owned by plaintiff, and which fact was known to the bank. That the bank thereby became indebted to plaintiff; that it became and was the duty of the bank to repay said money to plaintiff; that plaintiff and his mother, acting for plaintiff, had made demand upon the bank for the repayment of said money, but that said bank had unlawfully declined so to do, and refused to pay said money to plaintiff, who was the lawful owner of same, and refused to pay same to his mother as his agent; and that by reason of the facts said bank had converted plaintiff's money, and had become liable to plaintiff therefor with interest, etc. As to the remaining defendants plaintiff alleged that they were making some pretended claim to said money, which

had no foundation in law or fact, and, as plaintiff is informed and believes, was based upon some character of judgment in garnishment, unlawfully obtained, to which plaintiff was not a party, and which in no manner, bound or affected his rights, but that the assertion of said pretended claim constituted a cloud upon the rights of plaintiff, and by reason thereof the defendant bank had refused to pay over said money to plaintiff."

Appellee bank answered:·

"That it had on depost $310.50 in the name of Annie Elmore; that it did not know to whom said fund belonged; that appellant had sued C. S. Elmore in the district court in Limestone county, Tex., in cause No. 112; that he caused a writ of garnishment to be issued out of said court and served on the cashier of appellee bank, in Navarro county, Tex., where appellee was domiciled; that the writ required '——, cashier' of appellee bank, to answer what, if any, that he was indebted, etc., to C. S. Elmore, and did not require him to answer for the bank, this garnishment case being No. 113; that appellee filed in the said cause No. 113 its plea of privilege to have said matter heard in the district court in Navarro county, Tex.; that subject to its plea of venue and prayer to have matter heard in Navarro county, Tex., to which county said writ was issued and in which county said bank was domiciled, it excepted to the writ because same was issued to the First State Bank, and then required the said '——, cashier', to answer, etc.; that, subject to its plea to venue and exceptions, it pleaded that it had no funds, etc., purging itself; that without the knowledge of this appellee, on the day next to the last day of court in Limestone county, the court gave judgment against appellee in its absence and in absence of its attorney; that appellee had no knowledge of said judgment until after the term of court in which same was had had expired, and that it was then too late to appeal; that under the law it did not have to and could not appeal from said judgment, and had the right to litigate the issues in Navarro county (because the Limestone county judgment was void); that the judgment against this appellee entered in cause No. 113 in the district court of Limestone county, Tex., was void for many reasons, two of which we give here, to wit: (a) Because said court, under the law, did not have jurisdiction over this appellee, it not having appeared in said court other than to plead its privilege; and (b) because the judgment in said court in cause No. 112 was void, there being no service on said defendant and the records of said court disclosing this fact."

Reed answered, and relied on his rights against the bank—

"by virtue of his judgment in Limestone county, and claiming the $310.50 as proceeds of cotton sold belonging to C. S. Elmore on which he had a lien. This appellee asked the trial court to adjudge to whom the money belonged admitting having the money on deposit, and to allow it its attorney's fees as in law provided. The trial court gave the money to appellee Elmore, allowing no interest because no demand had been made for the money, and gave this appellee judgment for $100, its reasonable attorney's fee."

A trial resulted in a judgment in favor of C. E. Elmore against the bank for $310.50, and in favor of said bank against Reed for $100 attorney's fees. The judgment also enjoined Reed from enforcing the judgments obtained in Limestone county.

## Conclusions of Fact.

C. S. Elmore, father of C. E. Elmore, became indebted to appellant, Reed, in something over $1,900, evidenced by note, and to secure which he executed a chattel mortgage in Reed's favor on some personal property. C. S. Elmore was living in Arkansas, and Reed brought suit against him on said note in Limestone county by publication, and recovered a personal judgment and foreclosure of lien on personal property. Service of the citation was not had on C. S. Elmore in person. By virtue of said judgment Reed had a writ of garnishment issued against the First State Bank of Purdon, which was domiciled in Navarro county, Tex., to show what funds or effects of C. S. Elmore it had in its possession. The bank answered that it had on deposit $310.50 to the credit of Mrs. Annie Elmore, who was the wife of C. S. Elmore. C. E. Elmore, appellee herein, was not made a party to that litigation. The bank pleaded its right to be sued in Navarro county, but the court in Limestone county rendered judgment against said bank for said deposit, assuming jurisdiction or power to render such a judgment against said bank. The evidence of C. E. Elmore was amply sufficient to show that the deposit of $310.50 was his, though deposited in the name of his mother, Annie Elmore.

## Opinion.

The appellant's first assignment of error is:

"The court erred in overruling defendant Reed's special exception to· the answer of his codefendant bank, which special exception is as follows: 'Defendant specially excepts· to the second count of said answer, as contained in paragraphs I, II, and III, and all other portions thereof, wherein defendant bank attempts to make a collateral attack upon the judgment of the district court of Limestone county, Tex., either in cause No. 112, styled R. L. Reed v. C. S. Elmore, or in No. 113, styled R. L. Reed v. First State Bank of Purdon, Garnishee, et al., and says that said pleading shows upon its face that it is an attempt to make a collateral attack upon a judgment of a court of competent jurisdiction, and that it is therefore insufficient, and should be stricken from the answer of said defendant bank, and this he prays judgment of the court.' "

[1] The two judgments rendered in the district court of Limestone county, Tex., being Nos. 112 and 113, were void, and were

subject to collateral attack by the county court of Navarro county. The first judgment, No. 112, was a personal judgment rendered against C. S. Elmore by publication, he being a nonresident, and recites:

"The defendant C. S. Elmore, though duly cited, having failed to appear and answer in his behalf, but wholly made default, wherefore," etc.

It further foreclosed a mortgage lien on personal property. It had jurisdiction to foreclose the lien, but its action in rendering a personal judgment against C. S. Elmore was void, as said court had no jurisdiction to do so, and such a judgment did not authorize the writ of garnishment. Martin v. Cobb, 77 Tex. 544, 14 S. W. 162; Hockstadler v. Sam, 73 Tex. 315, 11 S. W. 408.

This assignment is overruled.

[2] The bank's domicile is in Navarro county, and it answered the writ of garnishment which entitled it to a discharge, unless its answer was contested, and, if so, the court in Limestone county had no authority to render judgment against it, but the court was only authorized to send the matter of contest for adjudication to some court in Navarro county. It did not do this, so the bank was not called upon to go any further in the matter, but, having answered, the initiative was cast upon the court in Limestone county, and, it having proceeded as it did, its proceeding was a nullity. Surety Co. v. Bernstein, 101 Tex. 189, 105 S. W. 990. This case is specially in point, and, we think, clearly holds that the court in Limestone county, after the garnishee answered, could perform no other act save to discharge the bank or transfer the matter to Navarro county.

[3] Again, C. E. Elmore was not a party to the Limestone county proceedings, and said judgments as to him were not binding, and there was nothing to prevent him from pursuing his remedy against the bank for the recovery of his deposit, and under our statutes the bank was not estopped to defend against the Limestone county judgments. The whole proceeding is void.

[4] As the bank was a stakeholder or garnishee as to said fund, we think it was entitled to recover an attorney's fee of $100, as, by reason of Reed's conduct in suing out the garnishment, it was caused to expend that amount.

The court's judgment enjoining Reed from attempting to enforce the Limestone county judgment is sustained, and said judgment perpetuated.

The judgments and proceedings in the Limestone county court being void, they áre subject to collateral attack as in this case, and the judgment of the court in this proceeding is affirmed as to both C. E. Elmore and the First State Bank of Purdon.