## CLAY. BLDG. MATERIAL CO. v. FIRST NAT. BANK OF MIDLAND.

### No. 2129.

Court of Civil Appeals of Texas. Eastland.

April 11, 1941.

C. O. McMillan, of Stephenville, for appellant.

James T. Smith, of Midland, for appellee.

FUNDERBURK, Justice.

In this, a garnishment action, by Clay Building Material Company, a corporation, against the First National Bank of Midland, Texas, garnishee, brought in the District Court of Erath County, the garnishee, after filing a motion to quash the writ (never acted upon) in due time filed its answer as commanded by the writ denying that it was indebted to C. A. Jones (as to whom the inquiry was made), or had effects belonging to him, etc. It appears that by the writ of garnishment, garnishee had been commanded to make the required answer concerning C. A. Jones also described as doing business in the name of C. A. Jones, Inc. The garnishee's answer denying indebtedness, etc., specifically referred to C. A. Jones and C. A. Jones doing business as C. A. Jones, Inc., but it was alleged therein that it was indebted to C. A. Jones, Inc., a corporation, in the sum of $1,370.48. Plaintiff duly controverted such answer, by affidavit dated and filed January 23, 1940. On May 20, 1940, C. A. Jones, Inc., alleging that it was duly incorporated under the laws of the State of Texas, and also designating itself as "one of the defendants" in the case, filed a statutory plea of privilege to be sued in Midland County, the county of its alleged residence. On May 24, thereafter, plaintiff filed a controverting plea to said plea of privilege. On June 10, 1940, garnishee filed a motion to transfer the garnishment proceeding to Midland Coun-

ty, alleging, among other things, that the court under R.S.1925, Art. 4096, was without jurisdiction to try the issues in controversy. On the same day, the court made an order, on the last named motion sustaining the motion and transferring the case to the District Court of Midland County. The order recited that plaintiff in open court gave notice of appeal. An appeal bond was filed and approved on January 29, 1940.

Plaintiff, not having filed briefs in the time required by law, Vernon's Ann.Civ. St. Art. 1848, the garnishee, on February 22, 1941, filed its motion in this court to dismiss the appeal; and, in the alternative, to affirm the judgment of the court below. Plaintiff (appellant) filed a motion entitled "Resistance to Motion to Dismiss Appeal" setting forth therein the substance of the briefs theretofore submitted for filing in this court; but not filed because not presented within the time prescribed by law, as aforesaid. Said motion asserts as a reason for not dismissing the appeal that the record presents fundamental error upon which appellant relies.

This is not an appeal from an order sustaining a plea of privilege. According to the record, C. A. Jones, Inc., a corporation, which for some unexplained reason filed a plea of privilege, was not a party to the suit and the record shows no action on such plea of privilege. The natural assumption is that its filing was due to some misapprehension. The action of the court, from which the appeal has been attempted, is not referable to said plea of privilege because it expressly shows it had reference to said motion of garnishee to transfer the case because the court was without jurisdiction.

 The answer of the garnishee being such, if true, as to entitle it to a discharge, the controverting answer had the effect, we think, as a matter of law, of depriving the District Court of Erath County of jurisdiction to try the issues raised upon the garnishee's answer and controverting affidavit. Revised Civil Statutes, 1925, Art. 4096; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990; General Bonding & Cas. Ins. Co. v. Lawson, Tex. Civ.App., 196 S.W. 346; Reed v. First State Bank of Purdon, Tex.Civ.App., 211 S.W. 333; Johnson v. McDonald, Tex.Civ. App., 73 S.W.2d 128; Subscribers to Fidelity Lloyds of America v. Lyday, Tex. Civ.App., 5 S.W.2d 553.

 The order was not appealable. The only proper order, if any, for the court to have made was to strike the cause from the docket. It was entirely optional with the plaintiff whether it would pursue the matter further. If it elected to do so, then it could only proceed in the District Court of Midland County, as provided by R.S.1925, Art. 4096. The order of the court transferring the case, even if not the proper or legally authorized order, could not, as we see, prejudice the plaintiff; and, as said before, we know of no law making such an order appealable. The question is not affected by garnishee's motion to quash, which, we think, should be presumed to have been waived. Subscribers, etc., v. Lyday, supra. The motion to dismiss the appeal should, therefore, we think, be granted and it is accordingly so ordered.