KARCHMER v. SANGER BROS., Inc., et al.
No. 4561.

Court of Civil Appeals of Texas. El Paso.
May 12, 1948.

Rehearing Denied May 26, 1948.

Grady Niblo, of Dallas, for appellant.

Carrington, Gowan, Johnson & Walker, of Dallas, and R. W. Stoddard, of Denison, for appellee.

SUTTON, Justice.

The controversy presented here grew out of a garnishment proceeding which originated in the County Court at Law No. 1 of Dallas County.

Sanger Bros., Inc., on July 3, 1928, recovered a judgment in the County Court at law No. 1 of Dallas County in cause No. 49389-A on the docket of said Court against S. Karchmen in the principal sum of $489.48 with interest at 8% per annum from date and costs of suit. On January 22, 1947, the plaintiff applied for a writ of garnishment against three banking institutions of Denison, Texas. On the 23d of January the writ issued and was served in due time. Two of the Banks made altogether negative answers and are not here involved. The Citizens National Bank of Denison answered, in conformity with the writ, that it was at no pertinent time indebted to the named judgment debtor, S. Karchmen, and otherwise wholly in the negative as to said named party.

The bank further answered, subject to its prior answer made in the same instrument, that while it did not have an account in the name of S. Karchmen, it did have one in the name of S. Karchmer in which there was on deposit more than $1,000; that it did not know whether S. Karchmen and S. Karchmer is one and the same person or not, and if the plaintiff did make such claim that S. Karchmer be made a party to the suit and the court determine if it should impound the money in the name of S. Karchmer of Grayson County, and prayed that it be discharged with its costs.

In reply to the answer of the bank the plaintiff filed an affidavit wherein it asserted S. Karchmer is the same person as

S. Karchmen against whom it obtained its judgment and that the suit was in fact against S. Karchmer but the name had been incorrectly spelled in such suit.

Plaintiff prayed that the court order the bank to impound the funds in the bank belonging to S. Karchmer, and that on the trial it recover against the bank its debt in full and costs.

S. Karchmer was served with notice commanding him to appear in the garnishment suit in Dallas County and answer the answer as made by the bank. On March 10, 1947, Karchmer filed his plea of privilege in due from to be sued in Grayson County. Following his plea of privilege he pointed out that the bank had answered; its domicile and place of business in Grayson County; the filing of the affidavit by plaintiff in reply thereto and sought to have the case transferred to Grayson County under the provisions of Article 4096, Vernon's Statutes.

Plaintiff controverted the plea of privilege, copying as a part thereof its application for the garnishment writ and further that the court had venue under exception 5 to Art. 1995, Vernon's Statutes, because the proceeding is ancillary to the main suit, which is predicated on eight promissory notes payable in Dallas County.

Karchmer then filed on March 10, 1947, what he styled his "Traversing and Controverting Affidavit to the answer of the Citizens National Bank of Denison, Texas, * * * and the traversing and controverting affidavit of the plaintiff," wherein it was sought to abate the writ as issued for several reasons thought not necessary to list here in detail, but briefly that he was never a party to the original suit; was never served with citation therein; was not the same person as S. Karchmen; because the original judgment is void or dormant, because of the lapse of more than ten years without execution issuing thereon and because the affidavit upon which the writ issued was not true in that it alleged he had insufficient property subject to execution to satisfy the judgment, whereas he in fact had a stock of merchandise worth not less than $30,000 in Denison.

Karchmer then denied the truth of plaintiff's controverting affidavit; denied specially that he is the same person as S. Karchmen and that the suit was against him; and further that he was not served therein and had no knowledge of such suit. Karchmer otherwise answered at considerable length but it is thought unnecessary to point it out further.

The record discloses no action by the court on any of the pleadings filed in the suit until October 29, 1947.

On October 28, 1947, Karchmer filed what he calls his motion to dismiss the garnishment proceeding or in the alternative to transfer the same to Grayson County. In this motion he calls attention to every step had in the case from the filing of the application down to date and prayed for a dismissal or in the alternative a transfer to Grayson County.

On October 29, 1947, the court entered its order or judgment on the motion, reciting therein the consideration of the motion, and the hearing of evidence and argument of counsel and the conclusion reached by the court that the motion should in all things be denied, as well as the plea of privilege. The court then "Ordered, adjudged and decreed" that the motion in all things be denied; that the right to contest the plea of privilege had not been lost by the failure to act thereon at the term when the same was filed, and that the plea of privilege also be denied. Notice of appeal was given and the record is here.

Karchmer in his points complains the court erred in not transferring the case to Grayson County under the provisions of Art. 4096; and for not sustaining his plea of privilege on the ground the right to contest it had been lost when it was not heard at the term when filed and numerous terms of court had been permitted to go by without action thereon.

Plaintiff counters with the propositions the answer of the bank was not controverted by either party and, therefore, the provisions of Art. 4096 have no application, and that there are no provisions of law requiring the plea of privilege be determined during the term when filed.

We think it plain enough plaintiff was, when it filed its affidavit in answer to the answer made by the bank, undertaking to avoid the provisions of Art. 4096, supra. It is thought equally clear it did not do so. In the affidavit no relief of any sort is sought against S. Karchmer, but it is sought to have the funds impounded by the bank and that on the trial it recover against the bank the full amount of the debt, principal, interest and all costs of suit. It is perfectly clear on the basis of its answer the bank was entitled to be discharged, and except for plaintiff's affidavit filed in reply thereto it would have from necessity been discharged. When the answer of the bank was filed plaintiff had a choice to either accept the answer and permit the bank to go hence with its costs, as it sought to do, or to controvert the answer and seek its relief against the bank. The latter it sought to do, and sought the maximum—the full amount of its debt and costs. The effect of the reply affidavit is, the fund on deposit with the bank is that of the defendant in the main suit and that the bank is not entitled to be discharged and relieved but is liable to the plaintiff on the writ and should be made to respond thereon. It is the substance that counts and not the name that is given to the affidavit.

It is said in American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990, 992: "Having filed a complete answer which entitled it (the garnishee) to a discharge, the statute gave it the right to have any controversy arising upon it tried in Travis county (the County of domicile)".

We regard the case of Clay Bldg. Material Co. v. First Nat. Bank, Tex.Civ.App., 161 S.W.2d 799 directly in point. The answer of the garnishee bank was almost in the exact language of the answer in the instant case, except it did not pray for a discharge but for general relief. Through the courtesy of the Eastland Court the plaintiff's affidavit in that case has been made available to us. The plaintiff there set out in its affidavit that it was not satisfied with the answer of the bank, because, it said, though the account be carried in the name of the corporation, "same is a mere fiction of which the defendant, C. A. Jones, is the actual owner of all of the assets including the bank account carried in such name, that the corporation, if same exists is being used simply as a trade style by the defendant to conduct his business in fraud of this plaintiff and other creditors of said defendant; that the said Jones is the dominant figure of the corporation, if such exists, dictating its entire policy and transactions, and so intermingling his personal assets with that of the alleged corporation in fraud of personal creditors of his that a court of equity should disregard the corporate fiction and subject the fund to the garnishment writ herein issued. * * * That such deposit is in truth and in fact owned and is the property of the defendant, C. A. Jones, despite the name of the account in which it is carried on the books of the garnishee."

Plaintiff joined in the prayer that the corporation be made a party to the proceeding, and then in the affidavit made the argument that is made here by plaintiff in its brief, that the issues raised are not such issues as should be presented by the garnishee, its position being that of a stakeholder in the controversy and for that reason the provisions of Art. 4096, supra, should not govern, because the amount is not controverted and the sole issue is one of ownership and no burden in that respect rested upon the garnishee, and then prayed that the corporation be made a party and the fund subjeced to its judgment and for further relief to which it might be entitled. Thus it appears the plaintiff sought no more there than plaintiff does here, if quite so much. Its position was not sustained as is reflected in the opinion of the court.

Plaintiff relies primarily upon the case of First National Bank of Breckenridge v. Wagner Supply Co., Tex.Civ.App., 9 S.W. 2d 474. That case we think clearly different. The judgment debtor and his wife presented the issue of ownership and all the appearances were voluntary and affirmative relief was sought, and none made subject to the right of transfer, whereas in

154

the instant case every appearance is made subject to that right and the provisions of Art. 4096. Further than this it is pointed out specifically in the opinion that notwithstanding the rebuttable statutory presumpion as to the character of a bank account standing in the name of either a husband or wife, under the Constitution and statute the account was, presumptively at least, community property subject to the payment of the debt.

In the instant case it was the plaintiff who made the issue and who is responsible for the situation created, and who seeks to make the garnishee responsible for the payment of its debt now under the writ. This it is thought it may not do in Dallas County. Under the authorities and the record here the trial court had no power to do anything except to dismiss the garnishment proceeding. The case is, therefore, reversed and remanded with instructions that the trial court dismiss the garnishment proceedings subject to plaintiff's right to file the record in Grayson County in the proper court under the provisions of Article 4096.