**Vernon A. GOODSON, Appellant,**

v.

**Cleora P. Bland CARR, Appellee.**

**No. 106.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 15, 1968.

Rehearing Denied June 12, 1968.

Allan I. Schneider, Giddings, Robert S. Pieratt, Houston, for appellant.

Edmund L. Cogburn, Dow, Cogburn & Friedman, Houston, for appellee.

BARRON, Justice.

This action arises out of a garnishment proceeding filed in the District Court of Harris County. The action was brought by appellee, Cleora P. Bland Carr, against Vernon A. Goodson, Sheriff of Lee County and who is a resident of Lee County. The trial court on a hearing without a jury, rendered judgment in favor of appellee, the plaintiff in garnishment, for the sum of $3,785.42. The garnishee has appealed from the judgment of the trial court.

The case was tried on an agreed stipulation of facts, and we quote them specifically:

"A. E. E. Rolan, on March 6th, 1956, purchased 86⅔ acres of land in Lee County, Texas, from J. A. Reat, as part of the purchase price Reat took a note for $3,853.00.

"B. On November 3rd, A.D., 1958, E. E. Rolan, deeded the property in question to L. M. Rolan, reserving a life estate. A copy of such Deed is attached hereto and marked Exhibit "A" and made a part hereof for all purposes.

"C. Plaintiff took a Default Judgment in Cause No. 657,453 in the 133rd District Court of Harris County, Texas, against L. M. Rolan in the sum of $12,624.58. There is a balance due and owing on such Judgment of $12,512.78.

"D. That on March 8th, 1967, the Rockdale Bank, then being the holder of the note executed by L. M. and E. E. Rolan, to J. A. Reat, transferred said note to Ray H. Wilder, Jr.

"E. Ray H. Wilder, Jr., took a judgment on the note transferred to him in the amount of $1,012.24 and for foreclosure of the Deed of Trust and vendor's lien against the above mentioned property against E. E. Rolan and L. M. Rolan. Such Judgment was in Cause No. 4,879, in the District Court of Lee County, entered on March 16, 1967.

"F. The note, representing purchase money, was not subject to homestead exemption, and the land was sold at Sheriff's Sale on June 6, 1967, for a purchase price of $6,500.00. After payment of costs and the first lien including principal and interest, a surplus of $5,-321.63 remained in the hands of the Sheriff held on behalf of E. E. Rolan and L. M. Rolan.

"G. Immediately the Sheriff of Lee County was served with the writ of garnishment in the cause for Plaintiff's Judgment, as issued by this Court for the debt of L. M. Rolan.

"H. E. E. Rolan then filed suit against L. M. Rolan in Cause No. 4,902, in the District Court of Lee County, claiming that L. M. Rolan had to title to the land and against the Sheriff of Lee County to have the funds held by the Sheriff turned over to E. E. Rolan.

"I. Cleora P. Bland Carr, Plaintiff herein, intervened on the basis that the District Court of Lee County did not have jurisdiction to determine the distribution of funds held by the Sheriff, inasmuch as the garnishment action impounded such fund in Harris County, Texas.

"J. On the 28th day of July, 1967, a hearing on the Plea of Abatement filed by the Intervenor, was held in the 21st District Court in Lee County, and said Plea of Abatement was overruled by the Court subsequently.

"K. On September 7th, 1967, an Order was entered placing the funds held by the Sheriff into the registry of the Court in Lee County. A copy of such Order is attached hereto marked Exhibit "B" and made a part hereof for all purposes.

"L. The parties hereto agree that $250.-00 would be a reasonable attorney fee for the garnishee's attorney.

"M. On June 6th, 1967, E. E. Rolan was 67 years of age. His wife, Iva Rolan was 67 years of age.

"N. According to the standard actuarial tables used by the State of Texas in calculating the value of life estates for inheritance tax purposes, L. M. Rolan's remainder interest in the funds in the hands of the Sheriff of Lee County was properly valued on June 6th, 1967, as $3,785.42, with the life interest of E. E. Rolan and Iva Rolan properly valued at $1,536.21."

After being served with a copy of the writ of garnishment, Vernon A. Goodson, Sheriff, filed a verified answer in which he denied that he was at the time of service of the writ indebted in anything or amount to Lowel M. Rolan and wife, Irene Rolan, the judgment debtors in Cause No. 657,453 in the 133rd District Court of Harris County, Texas, on which judgment an outstanding balance of $12,512.78 was owed to appellee. Appellant alleged that the remainder interest of Lowel M. Rolan and wife, Irene Rolan, was subject to a life estate reserved by E. E. Rolan and wife, Iva Rolan; that the land was sold to the highest bidder for the sum of $6,500.00 and that the amount due the plaintiff in the Lee County foreclosure suit was $1,022.36 with $156.01 due for the court costs. It was alleged by appellant that there was left in the hands of the garnishee the sum of $5,321.63 on said levy and sale and after service of the writ of garnishment, E. E. Rolan and wife had filed suit in Lee County against L. M. Rolan and appellant to enjoin the disbursement of the proceeds of the sale. It was specifically alleged by Sheriff Goodson, the garnishee, that he was holding the proceeds of said levy subject to further orders of the District Court of Lee County and for ascertainment by that Court of the rights of the parties who owned interests in the tract of land sold at public sale. The garnishee prayed that he be discharged from any liability under the writ of garnishment and for general relief.

The appellee failed to controvert the verified answer of the garnishee by an affidavit stating that she had good reason to believe and did believe that the answer of the garnishee was incorrect, and she failed to state in what particulars she believed the answer to be incorrect. See Rule 673, Texas Rules of Civil Procedure.

Regardless of the actual merits of the answer of the appellant garnishee, he did deny under oath that he was indebted to the judgment debtors, Lowel M. Rolan and wife, in any amount, and he alleged that he was holding the sums of money in custodia legis. Whether these facts could successfully be shown is a matter we cannot pass upon, and if the appellee was not satisfied with the answer of the garnishee it was her duty to controvert under oath the answer and allege therein the facts which she believed to be true. This was not done by appellee, and it is her burden to establish facts to the contrary. Farmers' Nat. Bank of Dublin v. Carmony, 62 S.W.2d 1115, 1117 (Tex.Civ.App.), no writ. Further, when a verified answer which makes negative responses concerning indebtedness is not controverted, the answer is presumed to speak the truth and in the absence of a proper controverting affidavit made by the plaintiff in garnishment, a judgment may not be entered against a garnishee. Snyder Nat. Bank v. Pinkston, 219 S.W.2d 606 (Tex. Civ.App.), no writ; First Nat. Bank of Hale Center v. Wilson, 22 S.W.2d 546 (Tex. Civ.App.), no writ; Lowe and Archer, Texas Practice, Remedies, Sec. 168, p. 154.

While the trial court did proceed to judgment under an agreed stipulation of fact, the record shows that it was not voluntary on the part of appellant. The record shows throughout that the appellant continued to object and ask that the case be "transferred" to Lee County, and this is true regardless of the correctness of the grounds assigned for such transfer. Moreover, appellant excepted to the judgment of the court and requested in his brief in this court that the case be "transferred" to the District Court of Lee County.

■ If it appears from the sworn answer of the garnishee that he is not indebted to the original judgment debtor (Rolan) and was not so indebted when the writ was served upon the garnishee, and that he had not in his possession any effects of the debtor and had not when the writ was served, and if he has either denied that any other persons within his knowledge are indebted to the defendant debtor or have in their possession effects belonging to him, or else has named such persons, should the sworn answer of the garnishee not be controverted, the trial court is required to enter judgment discharging the garnishee. Rule 666, T.R.C.P. But if the garnishee whose answer is controverted resides in some other county other than the one in which the judgment was rendered against the original debtor (Harris County), then upon the filing of a controverting affidavit by any party to the suit, the *plaintiff (appellee) may file in any court in the county of residence of the garnishee* having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of the judgment in such original suit and of the proceedings in garnishment, including a certified copy of the plaintiff's application for the writ, the answer of the garnishee and the affidavit controverting such answer. The court wherein such certified copies are filed shall try the issues made as provided by law. Art. 4096, Vernon's Ann. Tex.Civ.St. Thus, the cause is not transferred to the residence of the out-of-county garnishee, but provision is made for filing in the proper court of the garnishee's residence, where issues may be formed and tried by the appropriate court of that county. American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990; Clay Bldg. Material Co. v. First Nat. Bank of Midland, 161 S.W.2d 799 (Tex.Civ.App.), no writ; Gottesman v. Toubin, 326 S.W.2d 586 (Tex. Civ.App.), no writ; Karchmer v. Sanger Bros., Inc., 217 S.W.2d 151 (Tex.Civ.App.), no writ; Johnson v. McDonald, 73 S.W.2d 128 (Tex.Civ.App.), writ dism'd; Lowe and Archer, Texas Practice, Remedies, Sec. 164, p. 143. And see Rule 674, T.R.C.P.

■ The rule above is said to be jurisdictional, and the trial court in Harris County had no authority to proceed to judgment against the appellant garnishee other than to discharge him on his answer. Rule 666, T.R.C.P.; Pinkston v. Victoria Bank & Trust Co., 215 S.W.2d 245 (Tex. Civ.App.), Mand. overr.; Subscribers to Fidelity Lloyds of America v. Lyday, 5 S. W.2d 553 (Tex.Civ.App.), no writ; 27 Tex. Jur.2d, Sec. 58, pp. 6–7, and Sec. 118, p. 70.

■ As a general rule property held by a sheriff is in custodia legis and is not subject to garnishment while in his hands. 26 Tex.Jur.2d, Sec. 37, p. 709. There are exceptions to this rule, however, and the Supreme Court of Texas has held that funds in the hands of a sheriff after the satisfaction of an execution are subject to garnishment when the funds are held in his private capacity. See Turner v. Gibson, 151 S.W. 793, 43 L.R.A.,N.S., 571 (Tex.Sup.); Challenge Co. v. Sartin, 260 S.W. 313 (Tex.Civ. App.), no writ. In the case at bar, however, specific property was apparently ordered sold by the District Court of Lee County under a specific order of sale. It was shown that two persons owned the excess of the proceeds of the sale. The specific interests of the two owners was not shown except by stipulation upon a formula in the garnishment proceeding in Harris County. The owners of the fund were not parties to the garnishment suit, and the equities and claims of the two owners as between themselves could not be shown with certainty. The owners were not bound by any adjudication in the present suit. Moreover, in such a situation the District Court of Lee County may have had continuing jurisdiction to determine the equities as between E. E. Rolan and Lowel M. Rolan, may have had and retained the right to confirm the sale and divide the funds received from the sale. A judgment of foreclosure of specific property under an order of sale differs somewhat from an ordinary execution, and the District Court of Lee County had potential and possible continuing jurisdiction to make the above decisions, and the funds

may have been in custodia legis. See 35 Tex.Jur.2d, Sec. 7, p. 15, and Sec. 10, p. 20. The burden of proof was on the appellee to show the true facts, after controverting appellant's answer, in the District Court of Lee County.

The appellee, if she desires, is still entitled to controvert the answer by complying with Rules 673 and 674, T.R.C.P., and with Article 4096, V.T.C.S. But if this is not done properly, the trial court must discharge the garnishee and dismiss the case.

We, therefore, reverse the judgment of the trial court and remand this case to that court for entry of judgment discharging the appellant garnishee, unless the answer of garnishee is sufficiently controverted, under oath, in which event the issues are to be tried in the District Court of Lee County in accordance with this opinion.

Reversed and remanded with instructions.