**FIRST NATIONAL BANK IN DALLAS,**
Appellant,

v.

**STEVES SASH AND DOOR COM-
PANY, Inc., Appellee.**

No. 14979.

Court of Civil Appeals of Texas,
San Antonio.

May 19, 1971.

Rehearing Denied June 16, 1971.

**134**

Coke & Coke, Ernest E. Figari, Jr., Dallas, for appellant.

Michael M. Fulton, Beckmann, Stanard, Keene, Krenek & Fulton, San Antonio, for appellee.

KLINGEMAN, Justice.

This suit was brought by Steves Sash and Door Company, Inc., a judgment creditor of Ellis Glazing, Inc. in the District Court of Bexar County, Texas, for a writ of garnishment against First National Bank in Dallas. The bank, a resident of Dallas County, Texas, answered that Ellis was indebted to it on a promissory note; that the note was past due; that Ellis had a checking account with the bank; that the bank had applied the balance of the checking account towards the indebtedness represented by the note; that the bank was not indebted to Ellis; and that it had no effects in its possession belonging to Ellis. Steves controverted the answer of the bank contending that the bank had no right to set off the balance in the checking account against the note, and that if it had such a right, it had waived it. Trial was to the court without a jury, resulting in a judgment against the bank in the amount of the judgment against Ellis.

Although the bank asserts eighteen points of error, its first point, if sustained, is dispositive of the case on this appeal. By such point, the bank urges that the trial court erred in exceeding its jurisdiction by failing to dismiss the garnishment suit after the garnishor controverted the answer of the bank, a nonresident garnishee.

The pertinent statutes and rules involved may be summarized as follows. Rule 666, Texas Rules of Civil Procedure, provides in effect that where it appears from the answer of the garnishee that he is not indebted to the defendant and has not in his possession any effects of the defendant, if such answer is not controverted, the court shall enter judgment discharging the garnishee. Rule 673, T.R.C.P., provides that if the plaintiff is not satisfied with the answer of the garnishee, he may controvert the same by his affidavit stating that he has good reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars he believes the same to be incorrect. Rule 674, T.R.C.P., provides that if the garnishee whose answer is controverted *is a resident of the county in which the proceeding is pending,* an issue shall be formed under the direction of the court and tried as in other cases. [emphasis supplied]

Article 4096, Vernon's Annotated Civil Statutes, provides that if the garnishee whose answer is controverted resides in some other county than the one in which the main case is pending or was heard, upon the filing of a controverting affidavit by any party to the suit, the plaintiff may file in any court in the county of residence of the garnishee having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of the judgment in such regard in such original suit, and of the proceedings in garnishment; and the court where such certified copies are filed shall try the issues made as provided by law.

It is appellee's contention that Article 4096, V.A.C.S., is a permissive venue statute and appellant, by failing to raise any objection during the time of the trial to venue in Bexar County, waived its right to have the case transferred to Dallas County.

There is an abundance of authority that where the answer of a nonresident garnishee is controverted, the court of the garnishee's residence is the only court having jurisdiction of the garnishment proceedings. Lowe & Archer, Texas Practice,

Garnishment, Sections 163, 164;[1] 1 Mc-Donald, Texas Civil Practice.[2] There are many Texas cases holding that once a controverting affidavit to the garnishee's answer is filed, such cause must be tried in the county of garnishee's residence.[3] For

1. The effect of controverting an answer filed by the garnishee who is a resident of a county other than that in which the proceeding is pending has the effect of depriving that court of jurisdiction to further proceed, except to transfer it to the proper court in the county of the garnishee's residence.

2. "Scattered through the statutes are numerous provisions designating, in mandatory or permissive terms, the county where particular types of actions may or shall be brought. Some of these, though phrased as venue provisions, are in essence jurisdictional." Section 4.37, page 551. McDonald cites as an example thereof under Footnote 54, page 553, the following: *"Garnishment*: contest on answer filed by garnishee, not foreign corporation, residing in county other than that in which main cause is pending: Art. 4096. Answer, when sufficient to entitle garnishee to discharge, leaves to plaintiff option to proceed. If plaintiff controverts, the court of county of garnishment is deprived of jurisdiction and cause must be transferred: Karchmer v. Sanger Bros., 217 S.W.2d 151 ([Tex. Civ.App.] El P 1948); Clay Bldg. Material Co. v. First Nat. Bank, 161 S.W. 2d 799 ([Tex.Civ.App.] East 1941); Johnson v. McDonald, 73 S.W.2d 128 ([Tex.Civ.App.] El P 1934 ED)."

3. (a) In Pinkston v. Victoria Bank & Trust Co., 215 S.W.2d 245, 247 (Tex. Civ.App.—Waco 1948, Mand.Overr.), the Court said: "The writ of garnishment affords a harsh remedy. It was unknown to the common law. Being purely statutory in origin, proceedings incident to such a writ cannot be sustained unless they are in strict compliance with the statutory requirements and rules relating thereto. Beggs v. Fite et al., 130 Tex. 46, 106 S.W.2d 1039. Rule 666, Texas Rules of Civil Procedure, which had its origin in statutory enactments of this state, provides in substance that if certain facts appear from the answer of the garnishee and if such answer should not be controverted 'as hereinafter provided, the court shall enter judgment discharging the garnishee.' Rule 673, TRCP, provides that if the plaintiff in garnishment should not be satisfied with the answer of any garnishee, he may controvert the same by his affidavit, stating therein the particulars by reason of which he believes such answer to be incorrect. Art. 4096, Vernon's Tex.Civ.Stats., provides in effect that if the garnishee whose answer has been controverted resides in some county other than the one in which the main case is pending or was tried, the issues raised by the answer of the garnishee and plaintiff's controverting affidavit thereto must be tried in the county where the garnishee resides."

(b) Citizens National Bank of Lubbock v. First Nat. Bank of Bronte, 14 S.W.2d 1043 (Tex.Civ.App.—Austin 1929, writ ref'd), was a writ of error appeal by the Lubbock bank from a default judgment against it as garnishee in favor of the Bronte bank. The garnishment was ancillary to a suit by the Bronte bank against R. S. and Ellen S. Williams. After the writ of garnishment was served on the Lubbock bank, it as garnishee filed an answer which disclosed an indebtedness to Williams of $3.26 and answered in the negative all other questions propounded in the writ. The garnishee made no further appearance in the case. Thereafter, the garnishor bank filed a pleading containing exceptions to the garnishee's answer, asking that it be stricken and a judgment be rendered against the garnishee for the full amount of the judgment. The trial court sustained such exceptions, struck out the garnishee's answer, and rendered judgment against it for the full amount of the judgment in the principal case [$477.32]. The Court of Civil Appeals in reversing and remanding such cause, stated [14 S.W.2d 1043 at 1044]: "The application for the writ showed that garnishee was 'a banking corporation organized under the banking laws of the United States with its domicile and principal place of business at Lubbock, Lubbock County, Texas.' Under R.S. art. 4096, where the garnishee other than 'a foreign corporation, not incorporated under the laws of this state,' is not a resident of the county in which the suit is filed, any contest of the answer must be transferred to and tried in the county of garnishee's residence."

(c) In Reed v. First State Bank of Purdon, 211 S.W. 333, 335 (Tex.Civ.App.—Dallas 1919, no writ), the Court stated: "The bank's domicile is in Navarro county, and it answered the writ of garnishment which entitled it to a discharge, unless its answer was contested, and, if so, the court in Limestone county

a detailed discussion in this regard, see Subscribers to Fidelity Lloyds of America v. Lyday, 5 S.W.2d 553, 555 (Tex.Civ.App.—Texarkana 1928, no writ), where the Court said:

"The garnishee, whose answer was controverted, resided, as admittedly shown, in Houston, Tex., and not in Dallas, Tex., where the main suit was tried. In such facts it would seem that the Dallas court had no jurisdiction to proceed to try the issues made and arising under the traversed answer. Illimitable jurisdiction is not given to all district courts over proceedings or actions of this class, namely, after the plaintiff had controverted the answer of the garnishee, who has denied indebtedness or liability to the defendant. Garnishment is purely of statutory authorization, and the courts have no power to afford litigants the benefits of garnishment or to extend the right thereto beyond its statutory limits."

The Court further stated [5 S.W.2d 553 at 556]:

"By the plain terms of the article [Article 4096], the authority to entertain garnishment when it reaches the state of an adversary proceeding is expressly conferred upon 'the court,' not where the main case is pending or was tried, but 'wherein such certified copies are filed,' and which latter 'court' is expressly designated as the 'court in the county of residence of the garnishee having jurisdiction of the amount of the judgment in the original suit.' The language quite strongly evidences the legislative intention and purpose to stop the jurisdiction and bring to an end the authority of the court in which the main case was tried when the garnishment reaches the stage of an adversary proceeding between the plaintiff and the garnishee. The controverting affidavit made to the garnishee's answer makes an adversary proceeding having the elements of an original suit. At that stage the proceeding ceases to be and becomes more than purely a process in aid of an execution of the judgment against the defendant. As often described in judicial decisions, especially when employed to reach choses in action not capable of seizure through execution or attachment, garnishment, when the garnishee's answer is traversed by the plaintiff, becomes in operation and effect a suit by a creditor against the debtor of his debtor. Under this article, as in effect, held, the court in which the main case is pending or was tried is without jurisdiction to try the issues

had no authority to render judgment against it, but the court was only authorized to send the matter of contest for adjudication to some court in Navarro county. It did not do this, so the bank was not called upon to go any further in the matter, but, having answered, the initiative was cast upon the court in Limestone county, and, it having proceeded as it did, its proceeding was a nullity. American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990. This case is specially in point, and, we think, clearly holds that the court in Limestone county, after the garnishee answered, could perform no other act save to discharge the bank or transfer the matter to Navarro county."

(d) In Clay Bldg. Material Co. v. First Nat. Bank, 161 S.W.2d 799, 800 (Tex.Civ.App.—Eastland 1941, no writ), the Court stated: "The answer of the garnishee being such, if true, as to en-

title it to a discharge, the controverting answer had the effect, we think, as a matter of law, of depriving the District Court of Erath County of jurisdiction to try the issues raised upon the garnishee's answer and controverting affidavit. Revised Civil Statutes, 1925, Art. 4096; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990; General Bonding & Cas. Ins. Co. v. Lawson, Tex. Civ.App., 196 S.W. 346; Reed v. First State Bank of Purdon, Tex.Civ.App., 211 S.W. 333; Johnson v. McDonald, Tex. Civ.App., 73 S.W.2d 128; Subscribers to Fidelity Lloyds of America v. Lyday, Tex.Civ.App., 5 S.W.2d 553."

(e) See also Goodson v. Carr, 428 S.W. 2d 875 [Tex.Civ.App.—Houston (14th) 1968, writ ref'd n. r. e.]; Gottesman v. Toubin, 326 S.W.2d 586 (Tex.Civ.App. —Waco 1959, no writ); Karchmer v. Sanger Bros., 217 S.W.2d 151 (Tex.Civ. App.—El Paso 1948, no writ).

made and arising under the affidavit controverting the answer of a garnishee not a foreign corporation, residing in a county other than the one in which the main case is pending or was tried. General Bonding & Casualty Ins. Co. v. Lawson (Tex.Civ.App.) 196 S.W. 346; Reed v. First State Bank of Purdon (Tex.Civ.App.) 211 S.W. 333; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990. The article seems to be of like special jurisdictional nature as the article involved in Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195."

In determining whether the provisions of the statutes providing for a trial in the county of a nonresident garnishee after a controverting affidavit has been filed to the garnishee's answer, is jurisdictional or a matter of venue, consideration is required not only of Article 4096, V.A.C.S., but also to the related Rules of Civil Procedure in garnishment proceedings. After the garnishee's answer has been controverted, the only authority for such case to be tried in the county where the proceeding is pending is when the garnishee is a resident of such county. Rule 674, T.R.C.P.[4] In American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990, 991–992 (1907),[5] the Court said:

"The question is different when an issue is raised upon the answer by a contesting affidavit. It is then only that a case is made to which article 248, Rev. St.1895, applies. Article 245 provides that if the garnishing plaintiff is dissatisfied with the answer of any garnishee he may controvert the same. Article 247 provides that if the garnishee, whose answer is controverted, is a resident of the county in which the proceeding is pending, an issue shall be formed under the direction of the court and tried as in other cases. In case such garnishee is a resident of some other county, article 248 permits the plaintiff to file in the proper court of such other county copies of his judgment and of the proceedings in garnishment, including the answer of the garnishee and the controverting affidavit. The cause is to be docketed in the court in which these papers are filed, and notice is to be issued and served upon the garnishee (articles 249, 250), after which an issue is to be formed under the direction of that court (article 251). It is thus seen that the only case in which the issue is to be formed and tried in the court out of which the writ issued is where the garnishee resides in that county. This is the only authority given to that court to try an issue raised by controverting the answer. When the garnishee resides in another county, the controversy must be settled in such county."

A question is presented as to whether a construction of the statute as "jurisdictional" would render the same unconstitutional. The remedy of garnishment did not exist at common law and is created solely by statute. The matter of the general illimitable jurisdiction of the district court under the Constitution is discussed in Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195 (Tex.Com.App. 1926). In this case an award for compensation for an injury which occurred in Marion County was made to J. C. Franklin by the Industrial Accident Board. Oilmen's Reciprocal Ass'n, the insurer, within twenty days thereafter, gave notice to Franklin and to the Board that it would not abide by said ruling. Within twenty days after giving such notice, the Association filed suit against Franklin to set aside the award, but the suit was filed in the

4. Rule 674: "If the garnishee whose answer is controverted, is a resident of the county in which the proceeding is pending, an issue shall be formed under the direction of the court and tried as in other cases."

5. This case was decided prior to the enactment of Article 4096, V.A.C.S., and the present Rules of Civil Procedure, but the pertinent statutes applicable to garnishment at such time are substantially similar.

District Court of Harrison County instead of Marion County. On appeal the Court of Civil Appeals certified this question [286 S.W. 195 at 196]:

" 'Article 8307, sec. 5, Revised Statutes of 1925, of the Workmen's Compensation Act, authorizes suits to set aside awards of the Industrial Accident Board to be brought "in some court of competent jurisdiction in the county where the injury occurred," within the time specified.

" 'Question 1. Is the requirement that a suit to set aside awards be brought in a court in the county where the injury occurred a matter of venue only, relating to the place of bringing the suit; or of jurisdiction, the power and authority conferred upon a particular judicial tribunal to rehear and finally determine the case ?' "

The Commission of Appeals held in answer to Question No. 1 that it is not a matter of venue but one of jurisdiction. In its opinion the Commission of Appeals discussed the contention that a general illimitable jurisdiction over cases of this class is given to all district courts by Section 8, Article 5, of the Texas Constitution; and stated [286 S.W. 195 at 197]:

"Upon the point it is said:

" 'This jurisdiction is general in the district courts, and is coextensive with the limits of the state. Under the Constitution, then, before this statute provided the right to bring suit to set aside an award of the Industrial Accident Board, the potential jurisdiction of every district court in the state existed over the subject-matter.'

"It seems to us, however, that prior to enactment of the statute the 'subject-matter' of a suit of this kind could not exist. It can arise and become litigable, as shown, only under and because of the terms of the statute. The suit would not have been cognizable under common law or any pre-existent statute, for neither the cause of action itself nor the remedy

could exist. Hence, we think, such jurisdiction as exists in a district court at all is there solely because of the statute, and its vesting is authorized by the last clause of section 8, art. 5, whereby a district court is warranted to exercise 'such other jurisdiction, original and appellate, as may be provided by law.' General jurisdiction as to all district courts had been adequately provided for in earlier portions of section 8, and the object of the last clause must have been the authorization of special and restricted powers of which those given by this statute are examples."

While we agree the procedure involved herein might be more meaningful if enacted as a venue statute, this is a legislative prerogative.

Upon the filing of appellee's controverting affidavit to appellant's answer, the District Court of Bexar County lost jurisdiction to proceed further, and any proceedings thereafter held were a nullity of no force and effect. The judgment is therefore reversed and remanded with instructions that the trial court dismiss the garnishment proceedings, subject to appellee's right to file the record in Dallas County in the proper court under the provisions of Article 4096, V.A.C.S. American Surety Co. v. Bernstein, supra; Pinkston v. Victoria Bank & Trust Co., supra; Subscribers to Fidelity Lloyds of America v. Lyday, supra; Reed v. First State Bank of Purdon, supra; General Bonding & Casualty Ins. Co. v. Lawson, 196 S.W. 346 (Tex.Civ.App.—Austin 1917, no writ).

The trial court in its judgment found that the garnishee had incurred reasonable attorney's fees without any finding as to the amount thereof. Appellant asks that we reverse the judgment of the trial court and direct the trial court to dismiss the present case after a determination of the bank's costs and reasonable attorney's fees. We have held that the trial court lost jurisdiction after the filing of the garnishor's controverting affidavit to the answer of the garnishee in the trial court, and we

hold that the trial court has no power to make any adjudication herein, including award of attorney's fees, except to dismiss said cause.

Reversed and remanded with instructions.