**S.L. CRAWFORD CONSTRUCTION, INC., Appellant,**

v.

**Gerald LASSITER, Individually and as Trustee For Lassiter Children Trust, Appellee.**

No. 01–98–01391–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 27, 2000.

David M. Smith, Joseph P. Witherspoon, Houston, for appellant.

Allen Segal, Bryan, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices ANDELL and DUGGAN.[1]

**OPINION**

MICHAEL H. SCHNEIDER, Chief Justice.

In this garnishment proceeding, the district court awarded a garnishment judgment against appellant, S.L. Crawford Construction, Inc. ("Crawford"). We reverse and remand.

### Facts and Procedural History

The case arises from a construction dispute. Kelly Burt Dozer, Inc. sued appellee, Gerald Lassiter, and Jesse Almanza, individually.[2] The court entered a judgment finding Lassiter liable to Dozer for $22,713.70, and Almanza liable to Lassiter for the same amount. In an attempt to

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

2. The record does not reveal the relationship between these parties, or the reason Dozer sued Lassiter and Almanza.

collect on the judgment against Almanza, Lassiter issued a writ of garnishment against Crawford. Crawford was apparently the general contractor on the construction project from which this case arises, and Jesse Almanza Concrete Company was a subcontractor on the job.

In its original answer, Crawford conceded it owed money to Jesse Almanza Concrete Company. However, Crawford stated it was unsure if Jesse Almanza, individually, and Jesse Almanza Concrete Company were the same. Therefore, Crawford contended it was incorrectly issued a writ of garnishment. Lassiter responded with a controverting affidavit stating that Jesse Almanza and Jesse Almanza Concrete Company were one and the same.

Crawford then filed a motion to transfer asserting the court lacked jurisdiction over the garnishment proceeding based on section 63.005(a) of the Texas Civil Practice and Remedies Code. The district court denied the motion. Subsequently, both Lassiter and Crawford filed motions for summary judgment. The district court granted Lassiter's motion, denied Crawford's motion, and this appeal followed.

On appeal, Crawford argues the trial court erred in: (1) denying its motion to transfer; (2) granting Lassiter's motion for summary judgment; and (3) denying its motion for summary judgment.

### Motion to Transfer

Crawford, citing section 63.005(a) of the Texas Civil Practice and Remedies Code, contends the trial court erred in denying its motion to transfer because the court did not have jurisdiction over the issue raised in Lassiter's controverting affidavit.

Section 63.005(a) provides:

(a) *If a garnishee other than a foreign corporation is not a resident of the county in which the original suit is pending or was tried and a party to the suit files an affidavit controverting the* *garnishee's answer, the issues raised by the answer and controverting affidavit shall be tried in the county in which the garnishee resides.* The issues may be tried in a court of that county that has jurisdiction of the amount of the original judgment if the plaintiff files with the court a certified copy of the garnishment, including the plaintiff's application for the writ, the garnishee's answer, and the controverting affidavit.

TEX. CIV. PRAC. & REM.CODE ANN. § 63.005(a) (Vernon 1997) (emphasis added).

Crawford contends once Lassiter filed his controverting affidavit, it was mandatory the trial court transfer the case to Harris County—the county where Crawford, the garnishee, resides—for a determination of whether Jesse Almanza, individually, and Jesse Almanza Concrete Company were the same. Conversely, Lassiter contends the court had jurisdiction over the writ of garnishment because neither Crawford's answer nor Lassiter's controverting affidavit dealt with the garnishment.

■■■ We disagree with Lassiter's argument. The controverting affidavit raised the issue of whether Jesse Almanza, individually, and Jesse Almanza Concrete Company were the same. Section 63.005(a) mandates that the issues contained within a controverting affidavit or answer must be decided in the county where the garnishee resides. TEX. CIV. PRAC. & REM.CODE ANN. § 63.005(a) (Vernon 1997). The statute is jurisdictional, *i.e.,* once a garnishee's answer has been controverted, the only action the trial court can take is to transfer the proceeding to the county of the garnishee's residence. *See American Surety Co. v. Bernstein,* 105 S.W. 990, 991–92 (Tex.1907); *First Nat'l Bank in Dallas v. Steves Sash and Door Co.,* 468 S.W.2d 133, 137 (Tex.Civ.App.-San Antonio 1971, writ ref'd n.r.e.) (both interpreting predecessor statute to section 63.005). In this case, once the controverting affidavit was filed, Brazos county lost jurisdiction to proceed further, and any

proceedings thereafter were a nullity. *Steves Sash and Door,* 468 S.W.2d at 138. The Brazos county court could perform no other act except discharge the garnishee or transfer the matter to Harris County. *See Reed v. First State Bank of Purdon,* 211 S.W. 333, 335 (Tex.Civ.App–Dallas 1919, no writ).

Therefore, we find the district court erred in denying Crawford's motion to transfer. Because we find the trial court erred in denying Crawford's motion to transfer, we need not address its remaining points raised on appeal, and decline to do so.

We sustain Crawford's first point of error, reverse the judgment, and remand the cause with the instructions that the case be transferred to Harris County.